R. J. CAMP AND B. F. CAMP, PARTNERS UNDER THE FIRM NAME AND STYLE OF R. J. AND B. F. CAMP, *Appellants,* v. W. H. MULLEN, *Appellee.*

Under section 2007, Revised Statutes, equity had jurisdiction, upon application of a judgment creditor claiming that his debtor owns more than $1,000 worth of personal property over and above that levied upon which the debtor conceals and fails to point out to the officer, to ascertain if the property so alleged to have been concealed is concealed, to determine what property shall be set apart as exempt, and pending the proceeding to enjoin the officer from setting apart as exempt the property levied upon.

This case was decided by Division B.

Appeal from Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry, Roberson & Small* for appellants.

*F. P. Cone* and *B. H. Palmer* for appellee.

CARTER, P. J.—On March 15, 1901, appellants filed their bill against appellee and the sheriff of Columbia county alleging the recovery of a judgment in their favor against Mullen in the Circuit Court of that county; that execution issued thereon and was levied upon certain personal property

which had been seized under an attachment issued during the pendency of the common law suit; that Mullen had made a demand upon the sheriff to set apart as exempt to him as the head of a family residing in this State certain personal property embraced in a schedule which included that levied upon, all of a value less than $1,000; that Mullen owned more than $1,000 worth of personal property over and above that levied upon and held by the sheriff, but that a large proportion thereof consisting of household goods, money and other property he had failed to point out to the sheriff or to include in said schedule, and was concealing the same; that the sheriff was about to proceed with the appraisement and to set apart the property embraced in such schedule, and would do so unless restrained. The bill contains other allegations not necessary to be stated, and prays that the sheriff be enjoined from setting apart as exempt the property levied upon and for a decree adjudging same liable to execution. It also prayed that Mullen be required to set forth and expose all of his personal property, and that the court determine what property was exempt and to set same apart as such and to decree the residue subject to sale under the execution. A temporary injunction, enjoining the sheriff from setting apart an exemption to Mullen was granted by a court commissioner, and thereafter a motion was made to dissolve the injunction upon various grounds questioning the sufficiency of the allegations of the bill to justify, and the jurisdiction of the court of equity to grant, the relief prayed. The court made an order granting the motion to dissolve upon condition that Mullen pay certain expenses incurred by the sheriff in caring for the property, from which order the complainants entered this appeal.

The court erred in dissolving the injunction. Under section 2007, Revised Statutes, which provides that "the Circuit Court shall have equity jurisdiction upon bill filed by a creditor or other person interested in enforcing any unsatisfied judgment or decree, to determine whether any

property real or personal claimed to be exempt is so exempt, and in case it be not exempt the court shall by its decree subject it or so much thereof as may be necessary to the satisfaction of said judgment or decree and may enjoin the sheriff or other officer from setting apart as exempt property real or personal which is not exempt and may annul all exemptions made and set apart by the sheriff or other officer," the court of equity has ample power to grant the relief prayed in this case, including the temporary injunction issued by the court commissioner, if the allegations of the bill shall justify it.

Section 2003, Revised Statutes, requires the party, when a levy is made upon his personal property and he desires to have the officer set apart his exemption, to point out the whole of his personal property to the officer, and the officer is required to make an inventory of such property which the party is required to verify by affidavit. The officer is then required to summons appraisers, and after the appraisement the party is entitled to select from the inventory $1,000 worth of the property as exempt, and in case he fails to do so, the officer selects for him. If the party fails to point out the whole of his personal property or to include a portion thereof in his inventory, and conceals same as is alleged in this bill, which the motion to dissolve does not deny, then, under section 2007, the jurisdiction of a court of equity may be invoked to ascertain the property omitted and to determine what property shall be set apart as exempt, and pending the proceeding it is entirely proper to enjoin the sheriff from setting apart as exempt any personal property which has been levied upon. See *Florida Loan & Trust Co. v. Crabb*, 45 Fla. 306, 33 South. Rep. 523.

The court is not called upon to express an opinion whether, if the property levied upon is found to be exempt, the appellant Mullen can be required to pay the expense of caring for same which the decree appealed from undertook to do.

The decree dissolving the injunction is reversed and the case remanded for further proceedings.

MAXWELL and COCKRELL, JJ., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.