C. J. CLEMENTS, *Appellant*, v. R. A. HENDERSON, *Appellee*.

Opinion filed Nov. 2, 1915.

A homesteader may obtain relief in equity against a judgment against himself, apparently a lien that effects the salability of the homstead.

Appeal from Circuit Court, Palm Beach County; H. P. Branning, Judge.

Order reversed.

*H. L. Bussey*, for Appellant;

*M. D. Carmichael*, for Appellee.

PER CURIAM.—A bill was filed to have certain realty set aside as the homestead of the claimant, to enjoin a sale thereof under a common law judgment, and to quiet the title of the complainant as against the lien of the judgment. A demurrer to the bill was sustained, and this appeal is from the order sustaining the demurrer.

The demurrer points out no specific objection to the manner of pleading the facts relied on, but apparently rests upon the theory that the realty being a homestead the judgment constitutes no lien thereon.

We have no brief in support of the demurrer, and a reading of the bill discloses no lack of allegation going to make up a homestead under our constitution. The facts alleged, however, are facts *in pais*, dependent for their proof upon ephemeral testimony and the complain-

ant had a right to have those facts established by a binding decree as against this defendant. Moreover the bill shows without this aid the realty is unsalable.

That our courts of equity are open for the purpose of granting this relief, we think is firmly established. Milton v. Milton, 63 Fla. 533, 58 South. Rep. 718; Smith v. Gufford, 36 Fla. 481, 18 South. Rep. 717, 51 Am. St. Rep. 37; McMichael v. Grady, 34 Fla. 219, 15 South. Rep. 765.

Order reversed, with directions to overrule the demurrer.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.