W. J. BENNETT AND LOUIS A. ALLEN, SHERIFF, *Appellants,* v. T. H. BOGUE, TRADING AS BOGUE FURNITURE COMPANY, *Appellee.*

## Division A.

## Opinion Filed June 25, 1924.

1. Sections 3882-3884, Revised General Statutes, give to the courts of equity full and complete jurisdiction over the matter of homesteads and exemptions, not only to adjudicate as to the rights of the parties thereto, but to control and direct the setting apart thereof, and to restrain interference therewith by any inhibited process of law; and to pass upon and adjudicate the propriety of any exemption set apart by any officer and to rectify it if improper.

An Appeal from the Circuit Court for Dade County, H. F. Atkinson Judge.

Order affirmed.

*Carson, Murrell & Farrington,* for Appellants;

*W. F. Brown* and *M. S. Bobst,* for Appellee.

ELLIS, J.—This is an appeal from an order denying a motion to dissolve an injunction restraining the sheriff, L. A. Allen, and W. J. Bennett from setting apart as

exempt from forced sale under execution certain shares of stock owned by Bennett in the Florida City Finance Corporation.

T. H. Bogue obtained a judgment against Bennett and execution thereon issued in March, 1923. In April of the same year Bennett filed with the sheriff his affidavit that he was the head of a family residing in this State and a statement that he claimed a certain automobile valued at one thousand dollars as exempt from forced sale.

Thereafter Bogue obtained a writ of garnishment addressed to the Florida City Finance Corporation claiming that it had in its possession property belonging to the defendant, Bennett. The Corporation answered that it held two hundred and forty-nine dollars in cash and twenty-seven shares of stock of the Florida City Finance Corporation belonging to Bennett. Judgment was entered against the garnishee and execution issued.

In August, 1923, Bennett filed a claim as head of a family that the money in the hands of the corporation and the shares of stock and certain personal belongings aggregating one thousand and two dollars and thirty-nine cents were exempt from forced sale under the Constitution, and a few days later filed another statement including the money and shares of stock and certain personal belongings, all aggregating nine hundred and seventy-four dollars and ninety-nine cents, declaring that to be exempt from forced sale.

The bill alleges that the claim by Bennett to exemption of personal property from forced sale is fraudulent in that when he claimed the automobile in April, 1923, as exempt he then owned the money and shares of stock in the Florida City Finance Corporation held by it and listed in the second and third declarations; that he had other personal property at the time beside that listed, consisting

of watches, jewelry, guns, furinture and house furnishings and that the value of the twenty-seven shares of stock is much greater than six hundred and seventy-seven dollars and fifty cents, at which sum he listed it in his second and third statements, and that it will be necessary to take the depositions of ·non-residents to ascertain the value of the stock.

The prayer is that Bennett may be required to ''disclose all of the property which he owns,'' that the court will set aside what of said property shall be exempt from forced sale and what is subject to the satisfaction of the judgment, and that pending the final determination of the cause the sheriff be enjoined from setting apart as exempt the twenty-seven shares of Florida City Finance Corporation stock belonging to the defendant, Bennett.

The court, on August 31, 1923, granted an injunction as prayed and appointed à special master to take testimony so as to determine whether any property real or personal claimed to be exempt by the defendant is exempt under the Constitution.

The defendants then demured to the bill upon the grounds that there was no equity in the bill and the complainant had an adequate remedy at law; and upon filing the demurrer moved the court to dissolve the injunction.

The court denied the motion to dissolve the injunction and the defendants appealed. The demurrer was thus inferentially overruled.

Appellants claim that the complainant has an adequate remedy at law. That Chapter 7842, Acts of 1919, affords an adequate remedy to a creditor who is diligently seeking the enforcement of a judgment against a debtor, whom he charges with fraudulent conduct and false statements under oath as to his personal property in order to obtain

the benefit of the exemption provided by the Constitution and which charges the defendant admits by his demurrer.

Chapter 7842, *supra*, provided for proceedings supplementary to an execution affords to the execution creditor a special and speedy remedy against a defaulting debtor but it is in addition to the remedy in equity provided by Sections 3882-3884 Revised General Statutes, and not in lieu of it. Sections 3882-3884 constituted Chapter 3246, Acts 1881, and were in force when the Constitution of 1885 was adopted. Since the adoption of that Constitution the statute has been construed and applied in several cases before this court. See McMichael v. Grady, 34 Fla. 219, 15 South. Rep. 765; Camp v. Mullen, 46 Fla. 498, 35 South. Rep. 399.

The above statute gave, said the court in the McMichael case, "to our courts of equity full and complete jurisdiction over the matter of homesteads and exemptions, not only to adjudicate as to the right of the party thereto, but to control and direct the setting apart thereof, and to restrain intereference therewith by any inhibited process of law; and to pass upon and adjudicate the propriety of any exemption set apart by any officer, and to rectify it if improper."

If courts of equity were vested by the act with full and complete jurisdiction in such matters the Constitution of 1885, vesting in the circuit courts jurisdiction in all cases in equity, fixed that element of equity jurisdiction in the circuit courts and it is not competent for the legislature to remove it, even if Chapter 7842, *supra*, might be regarded as having been enacted with that purpose.

The order of the court declining to dissolve the injunction is therefore affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.