JAMES M. SMITH, *Appellant*, v. ST. PETERSBURG NOVELTY WORKS, A CORPORATION, AND HARRISON HARDWARE & FURNITURE COMPANY, A CORPORATION, *Appellees*.

Division A.

Opinion Filed August 1, 1927.

*E. T. Zetrouer*, of Clearwater, for Appellant;

*Cook* and *Harris*, of St. Petersburg, for Apellees.

STRUM, J.—This is an appeal from an order sustaining a demurrer to a bill of complaint.

The appellant, who was complainant below, by a bill in equity brought against the appellees, alleged in substance that appellant is the owner in fee simple of certain described property in Pinellas County upon which appellant had built a home consisting of a dwelling house and private garage; that appellant had continuously occupied the same as his home and dwelling from about the year 1914 to the time of the filing of the bill of complaint; that appellant is the head of a family, consisting of himself, his wife, and five minor children, all of whom live upon the premises aforesaid; that said land has upon it no building or structure other than the dwelling house of appellant and appropriate outhouses pertinent and necessary to the use and occupation of said dwelling by appellant as his home; that the lot of land described in the bill is situate within the City of St. Petersburg and ''does not contain more than one-fourth of an acre of land''; that appellant claims the same as his homestead under the laws of the State of Florida and that he owns no other real estate, and has no other home. The bill further alleges that the defendants, who are appellees here, have each obtained a judgment against the appellant, which judgments are of record against appellant and being unpaid and unsatisfied are clouds upon the title of appellant in and to said lands, the home of appellant and his family, in that said judgments are apparently, though not in fact, liens upon said land and premises and tend to, and do, depreciate the sale and loan value thereof, whereby appellant is unable to realize and enjoy the full worth and value of his said homestead aforesaid and is unable to sell the same or to borrow money thereon, which the bill alleges is necessary in order to enable the complainant to re-finance an existing mortgage upon the property

which is about to mature. The bill prays that the lands described "be adjudged, decreed and set aside as the homestead" of appellant; that said lands "be declared, decreed, ordered and adjudged to be freed, cleared and not subject to the liens of" the judgments aforesaid; and that said judgment creditors be enjoined from levying or attempting to levy execution based upon said judgments upon or against the homestead property of appellant or upon or against the proceeds derived from a sale thereof or against the proceeds derived from a loan thereon.

Demurrer to the bill was sustained and no application being made to amend the bill of complaint, the same was dismissed. This appeal is from that order.

The bill contains no allegations that either of said judgment creditors has levied, or threatens to levy, execution upon the premises in question. It is in this respect that the demurring defendant asserts that the bill is lacking in equity. The defendant contends that "it is necessary * * * that some attempt should first be made to enforce the judgment, that is, an execution should be issue and a levy made or attempted to be made on the homestead premises, in which case the Circuit Court would have jurisdiction to prevent a 'forced sale.' " That defendant further contends that until such action has been threatened or taken by the judgment creditors, a court of equity has no power to act in the premises.

. By Sections 1 and 2 of Chapter 3246, Laws of Florida, Acts of 1881, entitled "An Act to Enlarge the Equtiy Jurisdiction of the Circuit Courts," it was provided in substance that the Circuit Courts shall have equity jurisdiction (1) "to enjoin and restrain 'the sale' of all property, real or personal, that is exempt from forced sale, * * *"; and (2) "* * * to. order, adjudge and decree 'the setting aside' of homestead exemptions and the

exemptions of personal property from forced sales." These two sections of the Act of 1881 have been brought forward, respectively, into the Revised General Statutes 1920, as Sections 3883 and 3882 thereof. The latter sections now provide:

"3883. The Circuit Courts shall have equity jurisdiction 'to enjoin the sale' of all property, real and personal, that is exempt from forced sale."

"3882. The Circuit Courts shall have equity jurisdiction to order and decree 'the setting apart' of homesteads and of exemptions of personal property from forced sales."

Since these sections were originally enacted as parts of the same Act, the Legislature undoubtedly designed each of such sections to serve some distinct purpose. To sustain the contention of the demurring defendant and to hold that a court of equity had no power to act in these matters unless some attempt has been made or threatened by a creditor to effect a forced sale of exempt property, would be to ascribe the same purport and effect to each of the two sections just quoted. In enacting the two sections, however, it seems to us the Legislature had in mind two propositions, first, to authorize courts of equity to "enjoin a forced sale" of homestead property, and second, to "set aside" homestead property from forced sale, that is, to effectuate the exemption by a decree which precludes any subsequent attempt by the creditor to resort to inhibited process. The first proposition contemplates the granting of such relief when a forced sale has been attempted or threatened; the second proposition contemplates the granting of such relief even though no forced sale is actually threatened or attempted. The latter section is designed to afford a means whereby the head of a family may obtain a judicial designation and allotment of his homestead property as against

an existing judgment which is apparently a lien upon the homestead, but in fact unenforceable against such homestead, although no attempt has been made by the judgment creditor to subject the homestead property to the payment of such judgment.

In construing the statutory provisions above quoted, the Court in McMichael v. Grady, 34 Fla. 219, 15 South. Rep. 765, said:

"Under Chapter 3246, laws approved March 7th, 1881, entitled "An Act to Enlarge the Equity Jurisdiction of the Circuit Courts," our courts of equity are clothed with full and complete jurisdiction over the matter of the homestead and exemptions allowed by the Constitution and laws; not only to adjudicate as to the rights of parties thereto, but to control and direct the setting apart and allotment thereof; and to restrain interference therewith or sale thereof under any inhibited process of law; and to pass upon and adjudicate the property of any exception set apart by any officer, and to rectify it if improper."

In this case last cited this Court further said the complainant therein was entitled "to the interposition of a court of equity, not only to restrain the threatened sale of property claimed to be exempt, but to pass upon and adjudicate his right to such exemption out of the particular property claimed to be exempt; and, if he be found to be entitled to have the same exempted to him, then to order and direct the allotment thereof to him."

In again construing those statutes, this Court, in Clements v. Henderson, 70 Fla. 260, 70 South. Rep. 439, further said:

"A homesteader may obtain relief in equity against a judgment against himself, apparently a lien, that affects the salability of the homestead." In that case the Court pointed

out that the facts alleged, as is the case here, are facts *in pais*, dependent for their proof upon ephemereal testimony, and the Court held in that case that the complainant was entitled to have those facts established by a binding decree against the defendant creditor, especially since the bill disclosed that without such aid the homestead realty would be unsalable. See also Bennett v. Bogue, 88 Fla. 109, 101 South. Rep. 206.

Although in each of the cases cited a forced sale had been actually threatened or attempted, those cases do not hold that the relief here sought is available only in such event, but plainly indicate the view that such relief may be had in proper cases even in the absence of such action on the part of the creditors.

Until there has been a judicial determination that the lands involved in this suit are the homestead of the complainant and therefore exempt from forced sale, the liens of the judgments mentioned in the bill of complaint are apparently enforceable against such lands, thereby impairing the sale and loan value thereof, which one of the situations in which Section 3882, *supra*, is designed to afford relief to the head of a family if such lands are in fact his homestead, so that if the bill of complaint in this case were otherwise without objection, it would state a good case for the relief sought. But the bill is deficient in that it does not allege that the judgments in question do not represent ''obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate (sought to be) exempted, or for house; field, or other labor performed on the same.'' See Article X, Section 1, Constitution of Florida. If the obligations upon which the judgments in question were rendered were of the character last referred to, complainant's homestead

would not be exempt from the enforcement thereof. For the reason last stated, the demurrer was properly sustained.

The order appealed from is affirmed, without prejudice.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.