PEARSON, Judge.
The appellant was a purchaser of real property at a sheriff’s sale. He brings this appeal from a Civil Court of Record order granting the appellee’s motion to deny confirmation of sale. The order declared the sale void and further held that the property was not subject to execution because it was the appellee’s homestead. Fla. Const. Art. X, § 4, F.S.A.
Two points on appeal are presented for our review. The first point urges that the Civil Court of Record is a court of limited jurisdiction and that under Fla.Const. Art. V, F.S.A.,[1] and Fla.Stat. § 222.08, F.S.A., only the circuit courts of this State have the equity jurisdiction to set apart homesteads. The second point urges that the appellee has not proceeded properly to protect his rights under Fla.Stat. § 222.02, F.S.A.
Appellant is correct in his contention that the Civil Court of Record did not have jurisdiction to determine the homestead issue. The issue could be raised in the Civil Court of Record only as a bar to the confirmation of the sale, and should have been accompanied by a copy of a complaint filed or tendered to be filed in the Circuit Court within a short time set.
The jurisdiction of the Civil Court of Record as it existed at the time of the entry of the order appealed is set forth by statute. Fla.Stat. § 33.14 (1969), F.S.A. The Supreme Court of Florida has held that this jurisdiction does not include equity jurisdiction. Hodges v. Lamar, 119 Fla. 566, 161 So. 81 (1934). Also see Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (1943); Bennett v. Bogue, 88 Fla. 109, 101 So. 206 (1924). *190 Therefore, the Civil Court of Record cannot set apart a homestead. See Barrs v. State ex rel. Britt, 95 Fla. 75, 116 So. 28 (1928); Blackwelder v. D’Ercole Enterprises, Inc., Fla.App.1961, 126 So.2d 598.
The order appealed is affirmed as to the denial of confirmation of sale, reversed as to declaring the sale void, and the cause is remanded for further proceedings in accordance with the views herein expressed.
Affirmed in part, reversed in part, and remanded.

. The adoption of new Article V of the Constitution, which will become effective January 1, 1973, has obviated this difficulty for the future.