618 So.2d 754 (1993)
Joseph A. DEMURA and Diane L. Demura, Appellants,
v.
COUNTY OF VOLUSIA, a political subdivision of the State of Florida, Appellee.
No. 92-2232.
District Court of Appeal of Florida, Fifth District.
April 30, 1993.
Rehearing Denied June 2, 1993.
*755 Howard L. Cauvel of Rano, Cauvel, Johnson & Ceely, P.A., DeLand, for appellants.
Steven J. Guardiano and T.I. Harris, Asst. Volusia County Attys., DeLand, for appellee.
COBB, Judge.
The appellants Joseph A. Demura and Diane L. Demura, appeal the dismissal of their quiet title action against the County of Volusia. The action sought to remove a cloud from the title of real property which the Demuras claimed as homestead, the alleged cloud being a judgment lien against the Demuras personally, claimed by Volusia County pursuant to an "Order Imposing Fine-Lien." The fine had been imposed by the County against the Demuras because of noncompliance with an order of the County Code Enforcement Board.
The County moved to dismiss the Demuras' action on the basis that there was no contention that it had sought to foreclose the lien. The County argued that Article X, Section 4 of the Constitution of the State of Florida does not extinguish liens, but merely prohibits forced sale of property while it is homestead. Pursuant to the County's motion, the trial court entered the following order of dismissal:
ORDER GRANTING MOTION TO DISMISS
THIS CAUSE came on for hearing and argument of counsel for both parties on the Motion to Dismiss of the Defendant, COUNTY OF VOLUSIA. The Court finds the Defendant COUNTY has not sought to foreclose its Code Enforcement Board lien on the homestead real property of the Plaintiff, and accordingly, neither the statutory nor constitutional prohibitions of Sec. 162.09(3), Florida Statutes, and Art. X, § 4(a), Fla. Const., against foreclosure of liens on homestead real property apply in the instant case. It is clear that the statutory and constitutional prohibitions relate solely to foreclosure and not to the creation of a lien.
The Court bases its finding upon the authority of Point East One Condominium v. Point East Developers, Inc., 348 So.2d 32 (Fla. 3rd DCA 1977), as cited in *756 1985 Op. Att'y Gen. Fla. 85-26 (March 26, 1985), and further finds that the lien in the instant case remains valid as to the Plaintiff's homestead real property and to any purchasers of said real property, who would be on notice as to the recorded Volusia County Code Enforcement line. It is therefore
ORDERED AND ADJUDGED that the Defendant COUNTY OF VOLUSIA'S Motion to Dismiss is hereby granted, and this case is hereby dismissed with prejudice.
The statements of law in the order of dismissal are clearly contrary to the constitutional law of Florida. Article X, Section 4 of the Constitution of the State of Florida provides in pertinent part:
(a). There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the natural person:
(1) a homestead, ...; (Emphasis added). Chapter 162, Florida Statutes (1991), governs local Code Enforcement Boards, giving these boards the power to "impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation exists." Section 162.02, Fla. Stat. (1991).
Section 162.09(3), Florida Statutes (1991), provides in pertinent part:
A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against personal property, but such order shall not be deemed to be a court judgment except for enforcement purposes. A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit to foreclose on a lien filed pursuant to this section, whichever comes first. After three months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. No lien created pursuant to the provision of this part may be foreclosed on real property which is a homestead under s. 4 Art. X of the State Constitution.
Although the statute merely provides that any lien created pursuant to an administrative fine may not be foreclosed on real property which is homestead, the Constitution itself goes much farther: No such lien exists as to such homestead property. Since that is true, the mere recording of the order against the Demuras cannot constitute a cloud against their homestead property. It is arguable that the action which the Demuras should have filed (assuming, arguendo, that any action at all was necessary) was a declaratory judgment action seeking a determination that the property at issue is, in fact, homestead property at this time. It may very well be, however, that the homestead status of the property is not in factual dispute.
We note that if the property is, indeed, homestead property, then the Demuras may sell it and, contrary to the finding by the trial court, there would be no lien on the property then in the hands of the purchasers. On the other hand, if the Demuras failed to invest the proceeds of that sale into another homestead within a reasonable period of time, those proceeds could be reached by creditors such as the County. See, e.g., Orange Brevard Plumbing and Heating Company v. LaCroix, 137 So.2d 201, 206 (Fla. 1962). It is also true, of course, that if the Demuras were to retain ownership of the property but abandoned it as their homestead, the *757 County's order against them could then be enforced as a lien against the property.
Accordingly, we quash the order of dismissal entered by the trial judge in this case because of its erroneous statements of law and the cloud upon the title of the appellants' homestead, if in fact it is homestead, created by the order of dismissal itself. We agree, however, that a quiet title suit will not lie and the action below will be subject to final dismissal absent an appropriate amendment of the cause by the Demuras.
JUDGMENT QUASHED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HARRIS and GRIFFIN, JJ., concur.