661 So.2d 415 (1995)
Martin C. MISKIN, Appellant,
v.
The CITY OF FORT LAUDERDALE, Florida, a municipal corporation, Appellee.
No. 94-3618.
District Court of Appeal of Florida, Fourth District.
October 18, 1995.
James P. Durkin, Pompano Beach, for appellant.
Dennis E. Lyles, City Attorney, and Lindsey A. Payne and Paula C. Tighe, Assistant City Attorneys, Fort Lauderdale, for appellee.
GUNTHER, Chief Judge.
Appellant, Martin C. Miskin, plaintiff below (Miskin), appeals a final summary judgment entered in favor of the appellee, the City of Fort Lauderdale (the City). We affirm.
On September 19, 1991, Miskin was issued a notice of violation by the City for two code violations pertaining to his homestead property located in Fort Lauderdale. Subsequently, the code enforcement board found in favor of the City and issued a final order requiring Miskin to alleviate the problems by January 26, 1992, or be subject to a $150.00 fine per day each day the violations exist. Eventually, the City recorded the order as a *416 lien in the public records pursuant to section 162.09, Florida Statutes (1993).
Thereafter, on January 13, 1994, Miskin filed a declaratory judgment action seeking a court decree that the code violation order did not exist as a lien against his homestead property. The City then moved for summary judgment which the trial court granted finding
[the] City's code enforcement board lien is not invalidated. However, pursuant to section 4, Article X, Florida Constitution, as long as Plaintiff's property maintains its homestead status and is not abandoned by Plaintiff or is not sold with the proceeds of such sale not being invested in another homestead property, [the] City may not foreclose its code enforcement board lien against Plaintiff's homestead property.
Chapter 162, Florida Statutes (1993), provides local code enforcement boards with the authority to "impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities." § 162.02, Fla. Stat. (1993). Specifically, section 162.09(3) provides:
A certified copy of an order imposing a fine may be recorded in the public record and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but such order shall not be deemed to be a court judgment except for enforcement purposes ... No lien created pursuant to the provisions of this part may be foreclosed on real property which is homestead under s. 4, Art. X of the State Constitution.
Article X, Section 4 of the Florida Constitution provides:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead... .
Initially, it must be noted that the instant lien was created pursuant to a code enforcement board order rather than pursuant to a "judgment, decree or execution" which are prohibited by the constitution. Art. X, § 4, Fla. Const. More importantly, contrary to Miskin's assertion, the prohibition of the constitutional provision is a prohibition against the use of process to force sale of homestead property and does not invalidate the debt or lien. Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); Point East One Condominium Corp., Inc. v. Point East Developers, Inc., 348 So.2d 32 (Fla. 3d DCA 1977); Daniels v. Katz, 237 So.2d 58 (Fla. 3d DCA 1970). Thus, the constitutional prohibition takes priority over the debt or lien and renders the same unenforceable. Point East One Condominium Corp., Inc., 348 So.2d at 36; Op.Att'y Gen.Fla. 85-26 (1985). The legislature recognized this fact in determining that an enforcement board order should not be considered a judgment except for enforcement proceedings. § 160.09(3), Fla. Stat. (1993). Accordingly, the mere recording of the order in the instant case does not constitute a cloud upon Miskin's homestead property. Demura v. County of Volusia, 618 So.2d 754 (Fla. 5th DCA 1993). However, if Miskin's property somehow lost its homestead status, the City would be able to enforce the order as a lien against the property. Id.
Accordingly, the trial court correctly determined that the Florida Constitution did not invalidate the lien created in the instant case but merely rendered the same unenforceable. As such, the summary judgment granted in favor of the City is affirmed.
AFFIRMED.
DELL and STEVENSON, JJ., concur.