719 So.2d 1264 (1998)
Luis R. PRIETO and Teresita Prieto, Appellants,
v.
EASTERN NATIONAL BANK, Appellee.
No. 98-1918.
District Court of Appeal of Florida, Third District.
November 4, 1998.
Arnaldo Velez, for appellants.
Weintraub & Rosen, P.A. and Lee I. Weintraub, Miami, for appellee.
Before COPE, GREEN and SHEVIN, JJ.

CORRECTED OPINION CONFESSION OF ERROR
GREEN, Judge.
The opinion filed on September 23, 1998 is hereby vacated and this opinion shall be substituted in its place. Appellants, Luis R. Prieto and his wife, Teresita, seek review of a final order dismissing their declaratory judgment action which sought a judicial determination that their real property was entitled to homestead exemption status under article X, section 4 of the Florida Constitution and as such, was not subject to a judgment lien recorded against them by Eastern National Bank ("bank"). Based upon the bank's proper and commendable confession of error on *1265 this appeal, we reverse the order of dismissal and remand for further proceedings.
According to the allegations contained in the Prietos' verified petition for declaratory relief, the Prietos purchased a home located in Dade County in 1992. On November 19, 1996, the bank obtained a final judgment against them which the Prietos maintain does not represent obligations contracted for the purchase, improvement, repair, and/or for labor performed on their property. The bank filed and recorded its judgment against the Prietos among the public records of Dade County on November 20, 1996. As such, the bank's recorded judgment operates as a lien against all real property (including the home purchased in 1992) owned by the Prietos in Dade County pursuant to section 55.10,[1] Florida Statutes (1997). The Prietos further allege that since the purchase of their home, they have continuously resided therein with their children and that the property is their homestead. Thus, they assert that by virtue of article X, section 4 of the Florida Constitution,[2] this home is exempt from levy and forced sale for the satisfaction of the bank's final judgment and that the bank's recorded judgment may not operate as a lien on this home. The Prietos therefore sought, among other things, a judicial declaration that this home was entitled to homestead exemption status under the Florida Constitution, an injunction enjoining a forced sale of the same by the bank, and a declaration that the bank's recorded judgment did not otherwise constitute a lien on their home.
The bank filed its answer generally denying all the allegations contained in the verified petition except those allegations which averred that the bank had obtained and recorded a judgment against the Prietos in November of 1996. For its affirmative defenses, the bank asserted that the declaratory relief sought by the Prietos was premature and unavailable where the bank had made no attempt to execute or levy on the real property. The bank further asserted that the Prietos were not entitled to injunctive relief because sections 222.01 and 222.02, Florida Statutes (1997)[3], provided them with *1266 an adequate legal remedy to designate the property as homestead either before or after any levy by the bank. Thereafter, the court entered an order granting "motion to dismiss" in favor of the bank on the grounds that the bank was an improper party to these proceedings.[4]
Except in certain situations not alleged to be present in this case, article X, section 4 of the Florida Constitution specifically exempts homestead property from levy and forced sale by judgment creditors and exempts any judgment recorded by the judgment creditor from operating as a lien on such property. See Demura v. County of Volusia, 618 So.2d 754, 755 (Fla. 5th DCA 1993) (lien by county code enforcement board may not serve as lien on homestead property); Caggiano v. Butterworth, 583 So.2d 347, 348 (Fla. 2d DCA 1991) (forfeiture of homestead property pursuant to Racketeer Influenced and Corrupt Organizations Act is prohibited by state constitution); Volpitta v. Fields, 369 So.2d 367, 369 (Fla. 4th DCA 1979) ("Although money judgments are statutory liens upon the real estate of the defendant in the county where such judgments are recorded, no judgment can be a lien upon homestead property if the property acquired homestead exempted status prior to the existence of the judgment lien."). But the immunity granted for homestead property in article X, section 4, however, does not alter the appearance of a valid lien on the property by parties not on notice that the property is in fact homestead. The appearance of a lien on the property may, in turn, impair the judgment debtor's ability to attract a purchaser for the property or borrow money thereon. As conceded by the bank on this appeal, the law has long since recognized the right of judgment debtors to bring a declaratory or other equitable actions for a judicial determination that would remove any appearances that a judgment lien is valid and/or effectual. See Smith v. St. Petersburg Novelty Works, 94 Fla. 540, 113 So. 769, 770 (1927); Clements v. Henderson, 70 Fla. 260, 70 So. 439, 440 (1915); see also Demura, 618 So.2d at 755. The lower court's dismissal of this action was therefore error.
Accordingly, we reverse the order of dismissal and remand for further proceedings in this cause.
Reversed.
NOTES
[1] Section 55.10, Florida Statutes (1997) provides:

55.10. Judgments, orders, and decrees; lien of all, generally; extension of liens; transfer of liens to other security.
(1) A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, and it shall be a lien for a period of 7 years from the date of the recording provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not become a lien on real estate unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.
[2] Article X, section 4 of the constitution provides:

Section 4. Homestead; exemptions.
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
[3] Respectively, these statutes provide that:

222.01 Designation of homestead by owner before levy.Whenever any person residing in this state desires to avail himself or herself of the benefit of the provisions of the constitution and laws exempting property as a homestead from forced sale under any process of law, he or she may make a statement, in writing, containing a description of the real property, mobile home, or modular home claimed to be exempt and declaring that the real property, mobile home, or modular home is the homestead of the party in whose behalf such claim is being made. Such statement shall be signed by the person making it and shall be recorded in the circuit court.
222.02 Designation of homestead after levy.Whenever a levy is made upon the lands, tenements, mobile home, or modular home of such person whose homestead has not been set apart and selected, such person, or the person's agent or attorney, may in writing notify the officer making such levy, by notice under oath made before any officer of this state duly authorized to administer oaths, at any time before the day appointed for the sale thereof, of what such person regards as his or her homestead, with a description thereof; and the remainder only shall be subject to sale under such levy.
[4] Although it appears that the bank did not file a motion to dismiss because it was not part of the record, we were able to glean the basis of the lower court's dismissal of the action from the order granting the motion to dismiss.