864 So.2d 76 (2003)
Wendy FONG, Appellant,
v.
TOWN OF BAY HARBOR ISLANDS, Appellee.
No. 3D02-3097.
District Court of Appeal of Florida, Third District.
December 24, 2003.
*77 Scott Alan Orth, for appellant.
Craig B. Sherman, Miami, and Drew B. Sherman, Boca Raton, for appellee.
Before SCHWARTZ, C.J., and GODERICH, J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
We have for review a Summary Final Judgment in favor of the Town of Bay Harbor Islands and against Wendy Fong. For the following reasons, we reverse in part and affirm in part.
Wendy Fong is a resident of the Town of Bay Harbor Islands ("the Town"). In early 2000, the Town instituted code enforcement activities with regard to the property on which Ms. Fong lives. On September 11, 2000, a hearing was held on the code violations, in which a special master ruled that continuing violations existed. The Town filed an amended complaint, pursuant to section 162.01, Florida Statutes (2000), seeking to foreclose a lien on real and personal property owned by Fong. Fong filed a Motion for Summary Judgment in which she argued that the foreclosure action could not proceed against her homestead. The Town filed a Cross-Motion for Summary Judgment. The trial court granted the Town's Cross-Motion, finding:
At the present time, the lien amounts remain unpaid by [Fong] and [the Town] is entitled to execute and levy against *78 any and all property of [Fong], excluding only that property which constitutes [Fong's] "Homestead" in Florida.... Although the Court finds that the particular parcel of real property described in Paragraph 3 herein is [Fong's] "Homestead" for purposes of preventing [the Town] from foreclosing on same at the present time, the Court also specifically finds that [the Town's] lien shall remain upon said real property, to be satisfied from the proceeds of sale in the event that said property is no longer [Fong's] "Homestead", or should the property ever lose its "Homestead" status for any reason whatsoever.
Fong filed this appeal, claiming that the imposition of a lien on the homestead property impairs her rights under Article X, Section 4, of the Florida Constitution. We agree.
"As Article X, Section 4, specifically provides, it applies alike to invalidate both a `forced sale,' or, as here, the simple imposition of a `lien' on homestead property." Robles v. Robles, 860 So.2d 1014 n. 3 (Fla. 3d DCA 2003) (citing Demura v. County of Volusia, 618 So.2d 754 (Fla. 5th DCA 1993); Cannon v. Cannon, 254 B.R. 773 (Bankr.S.D.Fla.2000); Prieto v. Eastern Nat. Bank, 719 So.2d 1264 (Fla. 3d DCA 1998); Miskin v. City of Fort Lauderdale, 661 So.2d 415 (Fla. 4th DCA 1995)). If Fong were to sell the property, there would be no lien on the property then in the hands of the purchasers; rather, the proceeds from that sale could be reached by creditors such as the Town if Fong failed to invest these proceeds into another homestead within a reasonable period of time. Demura v. County of Volusia, 618 So.2d 754, 756 (Fla. 5th DCA 1993). However, should the property lose its homestead status while still owned by Fong, then the Town's order against her could be enforced as a lien against the property. Id. at 756-57.
The trial court's order also found that "three (3) of the four (4) original code violations remain uncorrected on [Fong's] property and, therefore, said civil penalties shall continue to accrue on a daily basis until the violations have been corrected by [Fong]." This was error under section 162.09(3), Florida Statutes (2000), which provides that "[a] fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit filed pursuant to this section, whichever occurs first." (emphasis added). The order should reflect that the fines ceased on August 27, 2002, the date the Summary Final Judgment was entered.
We also agree with Fong's contention that the trial court erred in entering a Supplemental Judgment Awarding Attorneys' Fees[*] to the Town because, despite the fact that the court granted the Town's Cross-Motion for Summary Judgment, it was Fong who prevailed on the significant issue; namely, whether the subject parcel of real property was homestead for purposes of exemption from forced sale under the Florida Constitution.
We find the other issues raised in Fong's appeal, as well as the issue raised in the Town's cross-appeal, to be without merit. Accordingly, the trial court's order is reversed as to the aforementioned errors and remanded for further proceedings consistent with this opinion, and affirmed in all other respects.
NOTES
[*] Town of Bay Harbor Islands, Fla., Code Enforcement section 5-3/4 (12)(c), provides that "[i]n an action to foreclose on a lien the prevailing party is entitled to recover all costs, including a reasonable attorney's fee that it incurs in the foreclosure."