369 So.2d 367 (1979)
Peter A. VOLPITTA, Appellant,
v.
Donna Ruth FIELDS, Appellee.
No. 78-192.
District Court of Appeal of Florida, Fourth District.
March 21, 1979.
Rehearing Denied April 26, 1979.
*368 Bruce E. Chapin, Orlando, for appellant.
Robert G. Murrell, of Sam E. Murrell & Sons, Orlando, for appellee.
MOORE, Judge.
This appeal stems from a rather confusing complaint and procedural methodology. The appellee, Donna Ruth Fields, is the former wife of the appellant and holds a final judgment against the appellant in the amount of $1,011.77 which amount was the sum for home improvements for which appellant was responsible. In a one count complaint Mrs. Fields sought to set aside a conveyance of real property as being a fraud upon creditors and additionally sought damages for conspiracy to defraud creditors. The damages sought were Mrs. Fields' attorney's fees incurred as a result of commencing the suit to set aside the alleged fraudulent conveyance.
The cause was tried before a jury which assessed Mrs. Fields "actual damages" at $2,100.00 and punitive damages at $400.00 notwithstanding the lack of a prayer for punitive damages.[1] Although Carmen A. Volpitta and Dorothy L. Volpitta, parents of the appellant, Peter A. Volpitta, were parties to the litigation the verdict was solely against the appellant, Peter A. Volpitta. No verdict was rendered with regard to Carmen and Dorothy Volpitta, nor was any judgment entered either in favor of or against the latter persons. On the basis of the verdict the court entered final judgment for Mrs. Fields in the amount of the verdict plus costs, plus an amount identical to the previous judgment of $1,011.77 with interest from the date of that judgment. Final judgment further allowed the appellant a period of ten days within which to pay the total of said sums, failing which appellee was allowed to proceed to levy execution against the real property which had been transferred. The transfer was not set aside.
Appellant and Mrs. Fields were formerly husband and wife. Appellant remarried and lived on the premises involved herein with his new wife (until her demise) and their child. Thereafter Mrs. Fields obtained final judgment for $1,011.77 against the appellant. Between the announcement of the final judgment in open court and the time that it was rendered in writing the appellant transferred title to his home to his mother and father by quitclaim deed without consideration. It was this transfer which Mrs. Fields sought to set aside. Appellant contends the real property was his homestead and therefore not subject to a judgment creditor's lien.
*369 Appellant, his child by his second marriage, and his mother and father resided on the subject real estate at the time of its conveyance and prior to the existence of the final judgment held by the appellee, Mrs. Fields. Our review of the trial testimony reveals that appellant was employed and supported his child. He derived sole title to the real estate, which had formerly been held as tenants by the entireties with his second wife, upon his second wife's demise. In all respects the evidence clearly established the premises involved as the appellant's homestead.
Although money judgments are statutory liens upon the real estate of the defendant in the county where such judgments are recorded, no judgment can be a lien upon homestead property if the property acquired homestead exempted status prior to the existence of the judgment lien. Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912). A judgment creditor therefore acquires no rights in homestead property and the judgment debtor can only commit fraud on his judgment creditors by disposing of such property as the creditor would have a legal right to look to for satisfaction of his claim. Sneed v. Davis, 135 Fla. 271, 184 So. 865 (1938). Quoting from 27 C.J. 438 the court in Sneed stated:
"[H]ence a sale, gift or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights. Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims, even though such dealings are with a purpose to hinder, delay or defraud them." At 868.
Thus, if the property is exempt as homestead property, as it was in the instant case, the owner thereof can transfer title to the property without committing a fraud upon his judgment creditor irrespective of his motivation. In the case at bar it was unnecessary for appellant to convey the property in order to avoid the availability of his homestead to answer the claims of his creditors. There being no fraud in the conveyance there can thus be no conspiracy to commit fraud. The judgment therefore must be reversed.
Disposing of this case as we do we find it unnecessary to determine whether or not there exists in Florida a cause of action for damages for conspiracy to commit fraud upon creditors. We also find it unnecessary to consider the other points raised on appeal.
The final judgment is reversed and this cause is remanded to the trial court with directions to enter final judgment for the appellant.
REVERSED and REMANDED.
DOWNEY, C.J., and FARRINGTON, OTIS, Associate Judge, concur.
NOTES
[1] The parties to this appeal have not provided us with a transcript of the jury instructions.