In re Sol & Gertrude
RASKIN, Debtors.

Bankruptcy No. 86–02346–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Sept. 15, 1987.

William M. Manker, Miami, Fla., for debtors.

Haley, Sinagra & Perez, P.A., Miami, Fla., for creditor.

William Roemelmeyer, Miami Shores, Fla., trustee.

ORDER DENYING MOTIONS TO REOPEN CASE AND TO AVOID LIEN

THOMAS C. BRITTON, Chief Judge.

The debtors' motions under 11 U.S.C. § 350(b) to reopen their case in order to avoid a judicial lien under § 522(f)(1) were heard on September 4.

This case was closed on March 27, 1987 and the motion to reopen was filed five months later. Lien avoidance may be sought by motion. B.R. 4003(d). No deadline is fixed either by statute or by rule for the filing of the motion. A closed case:

"may be reopened in the court in which such case was closed to administer assets, *to accord relief to the debtor,* or for other cause." 11 U.S.C. § 350(b) (Emphasis supplied.)

Under certain circumstances, a debtor may reopen a closed case for the purpose of lien avoidance under § 522(f). *Hawkins v. Landmark Finance Co. (In re Hawkins),* 727 F.2d 324, 326–327 (4th Cir.1984).

*Hawkins* holds:

"that the right to reopen a case depends upon the circumstances of the individual case and that the decision whether to reopen is committed to the court's discretion." (*Id.* at 326).

For two reasons, the debtors' motion to reopen the case is denied.

(1) In this case, as in *Hawkins,* the creditor incurred expense after the bankruptcy case was closed and during the five months additional delay by the debtors in seeking relief under § 522(f). The Fourth Circuit is the only Circuit to have passed upon this question. I shall follow the Circuit.

(2) I am unable to imagine any circumstance in which these debtors could obtain any relief under § 522(f), which would not be equally available under State law in a State court. Section 522(f) permits a debtor to:

"avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is (1) a judicial lien...."

The lien which debtors wish to avoid arose from a 1986 judgment duly recorded in the records of this County. The exemption they seek to protect is the Florida homestead exemption claimed and allowed in this bankruptcy case for their home in this county: Lot 3, Block 9, Section two of KEYSTONE POINT, PB 50/62.

Under Florida law, the homestead exemption of real property is subordinate to only two kinds of judgment liens: (a) a judgment lien which came into existence *before* the property acquired homestead status, *Volpitta v. Fields,* 369 So.2d 367, 369 (Fla.App.1979), and (b) a judgment lien:

"for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty". *Fla. Const.,* Art. X, § 4(a).

If the judgment in question here does not fall within these two exceptions, it does not impair the debtors' homestead exemption. If the judgment falls within either of these exceptions, it does not impair the debtors' exemption because the exemption is expressly subject to these two exceptions. In neither event does § 522(f) affect the rights of either the debtors or the judgment creditor. Those rights are dictated entirely by State law.