**In re Alejandro and Elena VALDES, Debtors.**

Bankruptcy No. 87–04054–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Dec. 16, 1987.

Anthony Dieguez, Hialeah, Fla., for debtors.

Gui Govaert, Miami, Fla., Trustee.

## ORDER DENYING MOTION TO AVOID LIENS

THOMAS C. BRITTON, Chief Judge.

The debtors' motion (C.P. No. 5) for the relief provided under 11 U.S.C. § 522(f)(1) was heard on December 14. Section 522(f) permits a debtor to:

> "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is (1) a judicial lien...."

The liens which debtors wish to avoid arose from: (1) a 1982 judgment in favor of Montgomery Ward and Co., Inc.; (2) a 1978 judgment in favor of Parkway General Hospital, Inc. and (3) a 1976 judgment in favor of Mercy Hospital, each duly recorded in the records of Dade County. The exemption they seek to protect is the Florida homestead exemption claimed and allowed in this bankruptcy case for their home in Dade County:

> Lot 14 less the West 25 Feet, in Block 2 of Moffatville, according to the Plat thereof, recorded in Plat Book 10, at page 35, of the Public Records of Dade County, Florida.

Under Florida law, the homestead exemption of real property is subordinate to only two kinds of judgment liens: (a) a judgment lien which came into existence *before* the property acquired homestead status, *Volpitta v. Fields*, 369 So.2d 367, 369 (Fla.Dist.Ct.App.1979), and (b) a judgment lien:

> "for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty". *Fla.Const.*, Art. X, § 4(a).

If the judgments in question here do not fall within these two exceptions, the liens do not impair the debtors' homestead exemption. If the judgments fall within either of these exceptions, the liens do not impair the debtors' exemption because the exemption is expressly subject to these two exceptions. In neither event does § 522(f) affect the rights of either the debtors or the judgment creditors. Those rights are dictated entirely by State law.

For the foregoing reasons, the debtors' motion is denied.