**In re Price Williams BEARDEN, Emily Ann Bearden, Debtors.**

**Bankruptcy No. 94–04750.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Dec. 30, 1996.

Price Williams Bearden, Emily Ann Bearden, pro se.

John E. Venn, Jr., Trustee, Pensacola, FL.

### *ORDER DENYING MOTION TO REOPEN CASE*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the court on the motion of the debtors in the above styled case to reopen this case in order for them to file motions to avoid alleged judgment liens of creditors on their homestead property. This case was a Chapter 7 case which was filed on August 29, 1994 and closed as a no asset case on December 7, 1994. The instant motion to reopen case was filed on December

17, 1996, over two years after the closing of the case.

 The motion before the court was made pursuant to 11 U.S.C. § 350(b) which provides that: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The reopening of a case is in within the sound discretion of the court, and a case should only be reopened upon a demonstration of compelling circumstances which justify the reopening. *In re Palij*, 202 B.R. 27 (Bankr.D.N.J.1996), *In re Rediker*, 25 B.R. 71 (Bankr.M.D.Tenn.1982). A debtor does not have an absolute right to reopen a closed case in order to avoid a lien but the right depends on the circumstances of the individual case. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir. 1984).

In this case, there is no compelling justification for the reopening of the case for two reasons. First, under the Florida Constitution, Article X, Section 4(a), a judgment lien does not attach to homestead property. While this court and most of the bankruptcy courts in this state have routinely granted motions to avoid judgment liens with respect to homestead in order to mollify title insurers hesitant to insure title when there are outstanding judgments against the seller of homestead property, such "comfort orders" should not be required under the law. Secondly, the debtor does not need the lien avoidance power of the bankruptcy code nor the efforts of this court to obtain the benefits sought herein. Pursuant to § 55.145 Fla. Stat. (1995), at any time after a year following the receipt of a discharge in bankruptcy, the debtor may petition the court in which the judgment was entered and obtain an order which cancels and discharges such judgment. Where the relief sought by reopening the bankruptcy case is equally available under state law, there is no compelling justification to reopen the bankruptcy case for affording the same relief. *In re Raskin*, 78 B.R. 343 (Bankr.S.D.Fla.1987). Accordingly, it is hereby

ORDERED AND ADJUDGED that the debtors' Motion to Reopen Case be and same is hereby denied.

DONE AND ORDERED.