**In re Lynette B. PERSAUD, Debtor.**

**Bankruptcy No. 97–17122–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

July 21, 1998.

**660**

Debi Evans Galler, Miami, FL, for trustee.

R. Patrick Mirk, Tampa, FL, for Contech.

Jeffrey Blaker, Miami Beach, FL, for debtor.

## ORDER DENYING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

ROBERT A. MARK, Bankruptcy Judge.

The Court conducted a hearing on May 7, 1998, on the Debtor's Motion to Avoid Judicial Lien (the "Motion"). The Debtor seeks to avoid a lien against her homestead property arising from a June 23, 1997 state court judgment (the "Judgment") obtained by Contech, Inc. ("Contech").

Upon review of the record, including Contech's Memorandum in Opposition to Debtor's Motion to Avoid Judgment Lien, the Court finds that the Motion should be denied. As discussed more fully below, Contech's Judgment arises from obligations contracted for the improvement or repair of the Debtor's homestead and is therefore specifically excepted from the homestead exemption under § 4, Article X of the Constitution of the State of Florida. Moreover, it was not necessary for Contech to timely object to the Debtor's claim of exemption for Contech to preserve its right to enforce the Judgment.

### BACKGROUND FACTS

Contech's prepetition Judgment for $117,867 arises from a claim to recover monies allegedly owed for repairs made by Contech to the Debtor's home. After this Court granted relief from the automatic stay, Contech obtained a further order in the state court case entitled Order Determining Extent of Homestead. Among other things, that order specifically stated that the "Plaintiff has a statutory lien pursuant to Article X, § 4(a) of the Florida Constitution in the real property of the Defendant located at 14700 S.W. 167th Street, Miami, Florida."

Contech filed an objection to the Debtor's claim of exemptions on December 19, 1997. The objection was filed within thirty days after the Debtor filed an amendment to her schedules but more than thirty days after the Debtor originally listed her home as exempt.

On February 18, 1998, this Court entered its Order Overruling Objections to Exemptions. The Court found that the objection was untimely based upon the filing date of the Debtor's original Schedule C. However, the Court acknowledged that the Debtor's entitlement to the exemption was not the focus of Contech's argument. Contech is not challenging the existence of the homestead exemption, but rather the scope of the exemption. Even if the property is homestead, Contech argues that the exemption does not protect the Debtor from enforcement of the Judgment. This issue was specifically preserved in the February 18, 1998 Order which overruled Contech's objection to exemptions "without prejudice to Contech seeking to enforce whatever lien rights it may have against the Debtor's property, whether or not such property has been deemed exempt in this bankruptcy case."

The Debtor does not dispute that Contech's Judgment arises from an obligation fitting within a specified exception to the homestead exemption in § 4(a) of the Florida Constitution. Debtor still believes she is entitled to avoid Contech's lien because Contech failed to timely object to her homestead exemption claim in this bankruptcy case.

### DISCUSSION

The issue before the Court is whether the failure to timely object to a Debtor's claim of homestead exemption precludes a judgment creditor from enforcing a judgment lien that arises from an obligation excepted from the scope of the homestead exemption under Article X, § 4(a) of the Florida Constitution.

■ The Debtor relies primarily on the Supreme Court's decision in *Taylor v. Free-*

*land & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In that decision the Court held that a trustee's failure to timely object to a debtor's claimed exemption prevented the trustee from later challenging the validity of the exemption, regardless of whether the debtor had a colorable statutory basis for the exemption claim. Thus, *Taylor* precludes any creditor which failed to file a timely objection from later challenging the Debtor's homestead exemption. *Taylor* does not determine the issue in this case since Contech is not challenging the Debtor's eligibility to claim her house as exempt, but rather the Debtor's right to avoid a judgment lien specifically excepted from homestead protection under the Florida Constitution.

Section 4(a) of Article X of the Constitution of the State of Florida creates the exemption for homestead property and lists the exceptions to the exemption. In pertinent part, § 4(a) provides as follows:

> [§ 4] (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, *except* for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead ...

*Fla. Const.,* Art. X, § 4(a) (emphasis added)

■ Debtor has not cited and the Court's independent research has not located any cases holding that a creditor must file an objection to preserve or enforce a constitutional exception to the Florida homestead exemption. Certainly, holders of mortgages and holders of tax claims do not file, or need to file, objections to a debtor's claim of homestead in order to enforce their mortgages or tax claims against a debtor's homestead. Like taxes and mortgages, a judgment arising from a contract for the improvement or

repair of the house is also excepted from homestead protection and, like taxes and mortgages, there is no need for the holder of such a claim to file an objection to a debtor's homestead exemption in order to later enforce its rights against the property.

The Eleventh Circuit recently rejected a similar attempt to expand the scope and impact of *Taylor. In re Levine,* 134 F.3d 1046 (11th Cir.1998). In *Levine,* the bankruptcy court entered an order setting aside the purchase of exempt annuities finding that the prebankruptcy conversion of funds from nonexempt to exempt status was a fraudulent conveyance avoidable by the bankruptcy trustee. The district court affirmed. One issue raised on appeal was whether the trustee's avoidance action was barred under *Taylor* because the trustee had not timely objected to the debtor's schedule C listing the annuities as exempt. The 11th Circuit rejected this argument since "the trustee ... [did] not seek to contest the exemptions per se; rather this is an adversary action ... to avoid a transfer of the property of the debtor." 134 F.3d at 1053. The Eleventh Circuit's reasoning is equally applicable here. Like the trustee in *Levine,* Contech is not challenging the exemption per se; it is seeking to enforce rights that exist even if the property is exempt.

■ Contech's judgment lien is not subject to avoidance since it is not a lien that "impairs an exemption" within the meaning of § 522(f) of the Bankruptcy Code. The Florida Constitution expressly subordinates the homestead exemption to any judgment lien for "obligations contracted for the purchase, improvement or repair" of the property. *Fla. Const.,* Art. X, § 4(a). The Debtor concedes that Contech's judgment lien falls under this exception. As such, the lien does not "impair" the Debtor's exemption because the exemption is subject to the lien. *See In re Valdes,* 81 B.R. 141 (Bankr.S.D.Fla.1987).[1]

---

1. In *Valdes,* Judge Britton denied the debtor's motion to avoid judgment liens that were *not* within the constitutional exception reasoning that the liens did not impair the exemption because the creditor could not enforce the liens against the homestead property. 81 B.R. at 142.

This Court disagrees with that holding and follows the majority view that judgment liens can generally be avoided under § 522(f). The Court agrees, however, with Judge Britton's analysis of liens, like the judgment lien in this case, that fit within the constitutional exception.

**662**

In sum, the Court finds that it is not necessary to file an objection to a debtor's claim of homestead exemption when a creditor holds a judgment that falls within the express exception of Article X, § 4(a) of the Florida Constitution, since the homestead exemption is expressly subject to these exceptions. Moreover, such a lien is not avoidable since it does not "impair" the exemption.

For the foregoing reasons, it is—

ORDERED that the Motion to Avoid Judicial Lien is denied. Contech may enforce its Judgment against the Debtor's home to the full extent permitted under Florida law.