**In re Marilyn PEARLSTEIN, Debtor.**

**No. 05–30700–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Aug. 17, 2006.

Bart Alan Houston, Ft. Lauderdale, FL, for Debtor.

Michael R. Bakst, West Palm Beach, FL, trustee.

### ORDER DENYING MOTION TO AVOID LIEN OF CAROCH PROPERTIES IMPAIRING DEBTOR'S EXEMPTION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on July 18, 2006 upon the debtor's Motion to Avoid Lien Impairing Debtor's Exemption ("Motion to Avoid Lien"—C. P. 15). Upon review by the Court of the Motion to Avoid Lien, and upon review of the debtor's bankruptcy schedules (C.P. 1), and the record of this case, the Court entered its July 3, 2006 Order Deeming Property as Homestead and Determining that Recorded Judgment does not Create Lien ("Order Deeming Property as Homestead"—C. P.

16). On July 10, 2006, Caroch Properties, Inc. filed its Motion to Vacate Order Deeming Property as Homestead and Determining that Recorded Judgment does not Create Lien ("Motion to Vacate"—C. P. 18), on the basis that Caroch Properties, Inc. ("Caroch") had not been afforded due process, as the July 3, 2006 Order Deeming Property as Homestead was entered without notice or hearing. Upon review of the Motion to Vacate, the Court entered its July 13, 2006 Order Vacating July 3, 2006 Order Deeming Property as Homestead and Determining that Recorded Judgment does not Create Lien ("Order Vacating July 3 Order"—C. P. 21), by which order the Court scheduled the July 18, 2006 hearing to consider the Motion to Avoid Lien. Having now considered the merits of the debtor's Motion to Avoid Lien, together with argument of counsel, the debtor's Motion to Avoid Lien is **denied**, for the reasons set forth below.

By way of the filing of her Motion to Avoid Lien, the debtor seeks to "avoid" the lien ostensibly created by the recording of a certified copy of the "Final Judgment on Count II against Tension Fabric Structures and Count III against Kenneth and Marilyn Pearlstein", entered in the state court action styled *Caroch Properties v. Tension Fabric Structures, Inc., Kenneth Pearlstein, and Marilyn Pearlstein, Case No. 01-21241(07)* in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. In her Motion to Avoid Lien, the debtor contends that the recording of the referenced Final Judgment "... has the effect of creating a judicial lien that impairs an exemption to which the Debtor is entitled under 11 U.S.C. § 522(b) in that the Debtor is attempting to refinance her homestead but the cloud upon the title will prevent her from doing so" (paragraph 5. of Motion to Avoid Lien).

■ The undersigned has previously expressed his opinion that, notwithstanding the language contained in 11 U.S.C. § 522(f)(1)(A), which provides that a debtor "... may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is a judicial lien ...," this Court may not "avoid" such a "judicial lien". This Court reaches its conclusion based upon the well-established legal tenet that, in the State of Florida, the recording of a certified copy of a final judgment in the county in which a debtor's real property is located does not create a lien against, or impose a lien upon, the legitimate homestead of a Florida resident. *In re Epstein,* 298 B.R. 917 (Bankr.S.D.Fla.2003). Article 10, § 4(a)(1) of the Florida Constitution provides that homestead property "shall be exempt from forced sale under process of any court and no judgment, decree, or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement, or repair thereof, or obligations contracted for ... labor performed on the realty[.]" Almost a century ago, the Florida Supreme Court held that no judgment creates a lien against homestead property unless the judgment falls within the three stated exceptions contained within Florida's homestead provisions. *Milton v. Milton,* 63 Fla. 533, 58 So. 718 (1912). Nothing has changed since that pronouncement. *See Cannon v. Cannon,* 254 B.R. 773, 778 (S.D.Fla.2000). "Other than the three exceptions provided in Florida's Constitution and the occasional equitable lien imposed on a debtor's home, a debtor's homestead exemption is inviolable." *In re Potter,* 320 B.R. 753, 759 (Bankr.M.D.Fla.2005). *Accord., See in re Persaud,* 222 B.R. 659 (Bankr.S.D.Fla. 1998); *In re Goodwin,* 82 B.R. 616 (Bankr. S.D.Fla.1988).

■ As noted in *Prieto v. Eastern Nat'l Bank,* 719 So.2d 1264, 1266 (Fla. 3rd DCA 1998), "... the law has long since recognized the right of judgment debtors to bring a declaratory or other equitable actions for a judicial determination that would remove any appearances that a judgment lien is valid and/or effectual" (citations omitted). It would seem that such an action for declaratory relief or equitable relief could be initiated in this Court pursuant to Bankruptcy Rule 7001. Alternatively, a debtor could obtain relief as to a judgment of record by the filing of a petition with the state court in which the judgment was entered "... to cancel or discharge such judgment." Fla. Stats. § 55.145. However, the filing in this Court of a motion to avoid or remove a "judgment lien", pursuant to 11 U.S.C. § 522(f)(1)(A), against a homestead as to which the recording of a certified copy of such judgment **could not**, as a matter of law, **create** a lien, cannot be employed in an attempt to remove any appearance that a so-called "judgment lien" is "valid or effectual." Accordingly, the debtor's Motion to Avoid Lien Impairing Debtor's Exemption is **denied.**