NASSAU REALTY COMPANY, INC., v. CITY OF JACKSONVILLE, SAMUEL C. TAYLOR, *et ux*.

198 So. 581

Division A

Opinion Filed November 12, 1940

C. B. *Peeler,* for Petitioner;

*Austin Miller, Eli Finkelstein* and *John R. Adams,* Attorneys for City of Jacksonville and *Samuel C. Taylor,* in proper person for Respondents.

BUFORD, J.—We consider petition for certiorari under Rule ,34.

The record shows that on June 3, 1940, the City of Jacksonville filed in the Circuit Court of Duval County in Chancery its bill of complaint seeking to foreclose certain tax liens against certain described property within the corporate limits of the municipality for unpaid and delinquent city taxes thereon.

In due course final decree of foreclosure was entered and recorded in Chancery Order Book No. 271, pages 167-169, inclusive. The property was not redeemed and, after notice as required by the decree of the court, the property was offered for sale and sale thereof was had at·public auction during the legal hours at the time and place provided in the decree.

The petitioner here was the successful bidder.

On the 11th day of September, 1940, the Master made report of his sale and the sale was confirmed by the circuit court. The Master was authorized and directed to execute and deliver Master's deed to the petitioner conveying to it

the fee simple title to the property involved. This decree of confirmation was filed in the office of the clerk of the circuit court on September 11, 1940, and was duly recorded in chancery order book.

Thereafter the Special Master tendered the petitioner the Special Master's deed conforming to the order of confirmation.

On examination of the record by counsel petitioner found that the final decree had not been recorded in compliance with the provisions of Chapter 19270, Acts of 1939.

Thereupon the petitioner filed in the circuit court a petition setting up the facts and praying a decree adjudicating all the matters and things done in said case subsequent to the rendition of the final decree to be null, void and of no effect.

Motion to strike the petition was filed and granted. We are asked to quash the order of the circuit court in htis regard. Chapter 19270, Acts of 1939, provides:

"Section 1. That the clerk of the circuit court in each county in this State shall keep a judgment lien record in which he shall record certified transcripts of judgments and decrees of circuit courts and all other courts of this State, and judgments and decrees of the United States District Courts held in the State of Florida, which may be presented to him for such record, and shall note at the bottom of such record the date, hour and minute of recording same.

Section 2. That no judgment or decree hereafter rendered by the circuit courts or any other courts of this State shall be or become a lien on real estate until a certified transcript of said judgment or decree is recorded in the judgment lien record as provided by Section 1 of this Act.

Upon being so recorded said judgment or decree shall become a lien on the real estate of the defendant only in

the county where the same is recorded in the manner provided by said Section 1."

We cannot agree with the contention of the petitioner, for the reason that the provisions of Chapter 19270, *supra,* were not intended to apply to judgments or decrees enforcing liens theretofore existing as against specific property such as decrees in foreclosure of statutory or contract liens. It was the purpose of this legislative Act to provide for the record of decrees or judgments to become a lien not on specific property already subject to the lien of the judgment but upon that real estate of the judgment debtor upon which the lien of the judgment or decree had not existed prior to the entry of the judgment or decree. The purpose of the statute was not to abrogate or destroy a lien which had become merged in a judgment or decree but was for the purpose of establishing and attaching a lien under judgments and decrees in cases where no specific statutory or contract lien was the basis of the judgment or decree.

It will be observed that the statute does not provide for a method of enforcing a lien but does provide for the establishment of the lien.

In judgments and decrees rendered in suits foreclosing a pre-existing lien the establishment of the lien is accomplished by the judgment or decree and the lien foreclosed is by the judgment of the court merged into the judgment or decree. The adjudication and establishment of such liens in such decrees is a matter of judicial and not legislative cognizance.

For the reasons stated, the petition for certiorari is denied.

So ordered.

Terrell, C. J., and Thomas, J. J., concur.

Whitfield, J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as au-

thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.