HENDRY, Judge.
The appellee, Rubin, was the owner and holder of a second mortgage and note dated March 1, 1962, recorded July 9, 1962, made by the fee owners of the secured property. The above second mortgage secured an original principal sum of $6,000.00. On June 15, 1965, the original parties entered into an agreement by which the mortgage and the note were extended to June 1, 1966, and which provided that the covenants of the mortgage deeds shall continue in effect and the due date of the obligation would extend to June 1, 1966. This extension agreement was recorded June 18, 1965.
Thereafter, on May 13, 1966, a new promissory note, without an accompanying mortgage, was executed by the fee owners in favor of appellee Rubin, in the sum of $6,000.00, such amount to be due on May 12, 1968. The note contains the following provision:
“This note replaces all prior notes given by [the fee owners] to Rubin on account of mortgage on [the mortgaged property]. Prior note may have been lost.”
The next event of consequence occurred on August 25, 1966, when appellant Silver-man obtained a judgment against the fee owners of the encumbered property for a sum of $4,000.00, which judgment was recorded.
The mortgagor again defaulted on his promissory note to Rubin, and Rubin brought foreclosure proceedings against the fee owners of the property, joining among other defendants appellant Silverman, since Silverman was the holder of a recorded judgment lien on property. Thus, the issue presented to the trial court was to determine which of the two parties had the superior lien on the property. The trial court found that mortgagee Rubin had a prior lien, and entered summary final judgment of foreclosure in Rubin’s favor.
Appellant Silverman claims priority even though his judgment lien was recorded later in time. The theory underlying his position was that mortgagee Rubin originally held a promissory note secured by a mortgage; after default of the mortgagor, Rubin accepted, as replacement for the mortgage and note, a note only, but had failed to specifically extend the mortgage also. Under these circumstances, appellant *430 claims, any priority which the mortgagee was entitled to by virtue of the prior re-cordation, was lost with regard to a subsequently recorded judgment lien.
Certainly, the above theory is not m keeping with the intent of the parties who executed the original mortgage and note, and also entered into the extension at issue. The discharge of the mortgage cannot be accomplished without actual payment of the debt, and the subsequent renewal of the note (which is evidence of the debt) cannot be viewed to have released the lien of the mortgage. Exchange National Bank of Chicago v. Cole, Fla.App.1964, 161 So.2d 715, 716.
Rubin’s mortgage was recorded first in time, and the priority of his lien created thereby cannot be extinguished by modification and extension of the mortgage and replacement of the note. The trial court’s entry of the sumary final judgment of foreclosure is therefore affirmed.
Affirmed.