PER CURIAM.
Security Life provided the financing for the construction of motels in various locations, including the one here involved which is located in Bradford County. Travis signed promissory notes, construction loan agreements, and a mortgage on the Bradford County property. Travis defaulted prior to the project being completed.[1] Security instituted this action against Travis (Travis’ widow and executrix) and nine ma-terialmen. Four of the materialmen filed cross-claims against Security and Travis. Ultimately, a final judgment of foreclosure was entered, with a condition precedent that Security deposit into the registry of the court the sum of $46,113.28 which Security alleged that it had not disbursed pursuant to the terms of the construction loan agreement and was holding in escrow. A final judgment on cross-claims was subsequently entered in favor of the material-men in the sum of $12,569.06, plus interest, costs, and attorney’s fees.
The primary issue relates solely to the cross-claims of the materialmen. Security urges that the trial court erred in awarding the materialmen a lien superior to its recorded mortgage. We agree and reverse.
The subject mortgage was recorded prior to commencement of any construction and the subject construction loan agreement was executed prior to any materials being furnished by cross-claimants. As stated above the project had not been completed.[2]
The judgment appealed is reversed.
RAWLS, Acting C. J., and SMITH and MILLS, JJ., concur.

. Paragraph 8(c) of the complaint alleged that construction was not complete. Answers of the defendants other than Travis averred no knowledge of this allegation. Travis admitted all allegations.

. J.G. Plumbing Service, Inc. v. Coastal Mortgage Company, 329 So.2d 393 (2 Fla.App. 1976). In fairness to the trial court, we note that this opinion was rendered subsequent to the rendition of the judgment appealed.