484 So.2d 1286 (1986)
Humberto FERNANDEZ-AGUIRRE, Appellant,
v.
Lilly GALL, Appellee.
No. 85-1043.
District Court of Appeal of Florida, Third District.
February 25, 1986.
Rehearing Denied April 2, 1986.
David A. Donet, Coral Gables, for appellant.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
PER CURIAM.
On April 15, 1982, Lilly Gall sued her former employer, South American Institute, Inc., [Institute] for, inter alia, a breach of employment contract. On June 17, 1982, she filed a notice of lis pendens referring to real property which was owned by the Institute but was subject to a purchase *1287 money first mortgage held by Dr. Humberto Fernandez-Aguirre. Fernandez-Aguirre had recorded his mortgage prior to the initiation of Gall's action. After the notice of lis pendens had been filed by Gall, but before judgment on the contract action had been entered, Fernandez-Aguirre successfully prosecuted a foreclosure action against the Institute, bought the property at the foreclosure sale, and received a certificate of title. Gall was not a party to the foreclosure action.
Gall prevailed on the contract action. Her attempt to levy on the property was unsuccessful because the Institute no longer owned the property. Consequently, Gall initiated supplementary proceedings seeking to implead Fernandez-Aguirre as a third-party defendant. Gall alleged that the property was subject to her notice of lis pendens at the time Fernandez-Aguirre filed his foreclosure action. After Fernandez-Aguirre failed to respond to the Rule To Show Cause for Impleading Third Party, the court entered a default against him and impleaded him as a third-party defendant. In his Motion To Set Aside Default, Fernandez-Aguirre informed the court that he intended to re-foreclose on the mortgage "to establish the fact that the interest of [Gall's] is subordinate and inferior to [his] claims... ." The court did not set aside the default but instead granted Gall's Motion for Entry of Final Judgment and entered a final judgment in favor of Gall. We reverse.
The final judgment entered upon the default cannot stand because it is clear from the record, in particular, from Gall's own Motion for Impleader, that there was no proper basis upon which Gall could be granted relief. As the supreme court stated in North American Accident Ins. Co. v. Moreland, 60 Fla. 153, 157, 53 So. 635, 637 (1910):
A judgment by default properly entered against parties sui juris operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded, and forced inferences are not admitted by a default judgment... . Whether the admitted allegations state a cause of action is for the court to determine.
* * * * * *
A judgment by default entitles the plaintiff to the relief for which a proper predicate has been laid in the declaration... . If the allegations of the declaration do not form a legal basis for the judgment recovered, it will be reversed on appeal. (Citations omitted.)
Fernandez-Aguirre argues, and we agree, that his mortgage lien cannot be held inferior to any possible claim of Gall's. By the time Gall obtained her judgment, the property was already titled in Fernandez-Aguirre's name. The Institute no longer possessed an interest in the property to which Gall's judgment could attach. Gall, therefore, never had any recognizable claim to the real property. The fact that Gall had filed a notice of lis pendens before the foreclosure action began is irrelevant because the action brought by Gall in no way involved a claim against the real property. Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla. 2d DCA 1982); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA), cert. denied, 374 So.2d 99 (Fla. 1979); § 48.23(1)(a), Fla. Stat. (1985).
The judgment under review is, accordingly,
Reversed.