537 So.2d 598 (1988)
ALL STATE PLUMBING, INC., Rusty Plumbing Company of Miami, Inc., and A.J. Southern Enterprises Electrical Contractors, Inc., Appellants,
v.
MUTUAL SECURITY LIFE INSURANCE COMPANY, Appellee.
Nos. 87-3076, 88-29 and 88-131.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Rehearing Denied January 23, 1989.
*599 Charles F. Mills, South Miami, Donald S. Rose, Miami, Timothy H. Kenney, Palm Beach, for appellants.
William J. Berger, Miami, for appellee.
Before NESBITT and FERGUSON, JJ., and HAROLD R. VANN, Associate Judge.
PER CURIAM.
Where no contract has been shown between a subcontractor and the mortgagee, privity fails and the subcontractor cannot establish an equitable lien on the property superior to a prior recorded mortgage. Gancedo Lumber Co. v. Flagship First Nat'l Bank, 340 So.2d 486 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 947 (Fla. 1977); Security Life Ins. Co. v. Travis, 340 So.2d 529 (Fla. 1st DCA 1976). Absent some special circumstance, a mortgagee has no duty to subcontractors holding inferior liens either to supervise construction or to see that loan proceeds are used to pay construction expenses. Rice v. First Fed. Sav. & Loan Ass'n, 207 So.2d 22 (Fla. 2d DCA), cert. denied, 212 So.2d 879 (Fla. 1968); accord Armetta v. Clevetrust Realty Investors, 359 So.2d 540 (Fla. 4th DCA), cert. denied, 366 So.2d 879 (Fla. 1978); First Wis. Nat'l Bank v. Roose, 348 So.2d 610 (Fla. 4th DCA 1977).
Where the subcontractor is a mechanics lienholder who foreclosed its lien and obtained a foreclosure judgment against the property owner, the lien merges into that judgment and the lienholder becomes a judgment creditor. Nassau Realty Co. v. City of Jacksonville, 144 Fla. 754, 198 So. 581 (1940). It follows that the subsequently obtained judgment is inferior to the prior recorded mortgage. Fernandez-Aguirre v. Gall, 484 So.2d 1286 (Fla. 3d DCA 1986); Baron v. Aiello, 319 So.2d 198 (Fla. 3d DCA 1975); Silverman v. Rubin, 225 So.2d 429 (Fla. 3d DCA 1969); County of Pinellas v. Clearwater Fed. Sav. & Loan Ass'n, 214 So.2d 525 (Fla. 2d DCA 1968).
Accordingly, the order under review is affirmed.
AFFIRMED.