PATTERSON, Judge.
Fred Sehaller appeals from three trial court orders which had the cumulative effect of allowing the forced sale of Schaller’s condominium residence in Sarasota County to go forward. We affirm.
This litigation began in 1992 when Bruce N. Balk, P.A., sued Fred Sehaller on a monetary obligation and obtained a judgment on March 10, 1994, in the amount of $43,421.28, plus attorney’s fees and costs (circuit court case number 92-4796). Sehaller did not appeal. On February 26, 1994, the day the court orally announced its ruling, Sehaller gave a mortgage on the property at 4721 Chandlers Forde, Sarasota, Florida, to a relative, Henry Sehaller.
In 1994, Balk brought a second action (circuit court case number 94-3836) against Fred Sehaller and Henry Sehaller which sought a determination that the mortgage given to Henry was a fraudulent transfer and to enforce his judgment lien. This action resulted only in the setting aside of the mortgage. Sehaller did not appeal.
In 1995, Balk brought yet another action (circuit court case number 95-6500) to force the sale of the Chandlers Forde property. Although our record in regard to this action is sparse, we do have before us the amended complaint and a final judgment entered on January 29, 1997, by Judge Dubensky, which determines that $74,711.02 was due and owing and which found:
b. Plaintiff has á lién to secure the payment of the above itemized sums against the following described property in Sarasota County, Florida:
UNIT 18, CHANDLERS FORDE, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN O.R. BOOK 1437, PAGE 1011 AND AMENDMENTS THERETO, AND AS PER PLAT THEREOF RECORDED IN CONDOMINIUM BOOK 16, PAGE 41, PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA.
The lien of the Plaintiff is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the Defendant, FRED G. SCHALLER, and all other persons claiming by, through or under said Defendant and the property will be sold free and clear of any claims of said Defendant.
The judgment set February 24, 1997, as the property’s sale date. The sale was later rescheduled to April 2,1997. Again, Sehaller did not appeal, but rather, on February 2, 1997, filed a “Verified Notice of Homestead Property that is Constitutionally Exempt From Forced Sale” pursuant to section 222.01, Florida Statutes (1995).[1]
*301 Schaller then filed his own lawsuit (circuit civil case number 97-1654) on March 25, 1997, naming Balk and Karen Rushing, Clerk of the Circuit Court of Sarasota County, as defendants. This action sought a declaration that Chandlers Forde was homestead property and to enjoin its sale. Balk responded with a motion to strike the complaint as a sham and Schaller moved for summary judgment.
As a result of these filings, Judge Bennett issued three orders, which are the subject of this appeal:
(1) the order of April 3, 1997, in circuit civil case number 95-6500, entered after an evidentiary hearing, which denied Schaller’s “Verified Notice of Homestead,” and found that Judge Du-bensky’s final judgment was res judica-ta on the issue of homestead;
(2) the order of April 24, 1997, granting summary judgment in favor of Balk and dismissing Sehaller’s complaint in circuit civil case number 97-1654, based on the same ground; • and
(3) the order of April 24, 1997, denying Schaller’s objection to sale and confirming a judicial sale of the property by the clerk on April 2,1997.
The issue presented to us is straightforward: did Schaller’s February 2, 1997, “Notice of Homestead” preclude Judge Bennett from relying on Judge Dubensky’s final judgment of January 29, 1997, and require the issue of homestead to be relitigated. We conclude that it did not.
As a general rule, a person can file a declaration of homestead at any time before the sale date, which until resolved, will protect the property from sale. See Grant v. Credithrift of Am., Inc., 402 So.2d 486 (Fla. 1st DCA 1981). However, it is clear from the record that the issue of the homestead status of Chandlers Forde was litigated and determined by Judge Dubensky in circuit civil case number 95-6500. By reason of that final judgment, entered on January 29, 1997, Balk’s hen attached to the property before Schaller’s “Notice of Homestead” dated February 2,1997. Under such circumstances, ah after-acquired status of homestead does not affect the prior hen. See Bessemer v. Gersten, 381 So.2d 1344 (Fla.1980). Accordingly, we affirm Judge Bennett’s orders finding that the issue of homestead was res judicata.
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.

. 222.01 Designation of homestead by owner before levy. — Whenever any person residing in this state desires to avail himself or herself of the benefit of the provisions of the constitution and *301 laws exempting property as a homestead from forced sale under any process of law, he or she may make a statement, in writing, containing a description of the real property, mobile home, or modular home claimed to be exempt and declaring that the real property, mobile home, or modular home is the homestead of the party in whose behalf such claim is being made. Such statement shall be signed by the person making it and shall be recorded in the circuit court.