**In re Debra L. MADDEN a/k/a Debra Lee Madden, Debtor.**

**No. 01–02949–9P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 10, 2001.

Edward R. Miller, Miller and Hollander, Naples, FL, for debtor.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

Denise B. D'Aprile, Port Charlotte, FL, for movant.

Earl Hill, Jr., President, White Sands Construction, Arcadia, FL, movant.

## ORDER ON MOTION FOR RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THE controversy in this Chapter 13 case is presented for this Court's consideration in the context of a Motion for Relief from Stay, which unlike an ordinary stay litigation controversy, requires the determination of the substantive right of the moving party for the relief sought. Notwithstanding, the way the matter is presented requires this Court to determine the validity, vel non, of the secured status of White Sands Construction, Inc. (White Sands), a creditor who filed the Motion seeking relief from the automatic stay.

There is no disagreement between the parties as to the relevant facts. But, of course, there is a disagreement concerning the legal conclusion to be drawn from the undisputed facts, which are as follows.

Prior to the commencement of this Chapter 13 case, White Sands contracted with Debra Lee Madden (Debtor) to construct the Debtor's principal residence located in DeSoto County, Florida. White Sands properly recorded a Notice of Commencement in the public records of DeSoto County. Thus, by virtue of § 713.05, Florida Statutes, it was in privity with the Debtor and had a lien on the home it constructed to secure any monies that were due and owing it for labor, services, and materials required and furnished by White Sands to build the residence of the Debtor, pursuant to the contract.

It is without dispute that White Sands fully performed its contract and the home was built. It is equally without dispute that the Debtor failed to pay the full amount due under the contract. Pursuant to § 713.08, Florida Statutes, White Sands recorded its claim of lien against the subject property in the public records of DeSoto County, thus perfecting its lien on the subject property. Under § 713.07(2), Florida Statutes, the lien relates back to the date of the recording of the Notice of Commencement, thus, it took priority over the mortgage, which was recorded subsequent to the filing of the Notice of Commencement. Not having obtained satisfaction of its claim, White Sands commenced a foreclosure action on its lien in the Circuit Court of the Twelfth Judicial Circuit in and for DeSoto County (Circuit Court).

On January 2, 2001, the Circuit Court entered a Final Judgment of foreclosure. The Final Judgment determined that White Sands has a valid first lien on the property for the amount due on the contract, plus pre-judgment interest, costs and attorney fees, including costs and attorney fees accruing subsequent to the entry of the Judgment. In Paragraph 11 of the Final Judgment, the Circuit Court reserved jurisdiction to "conduct further hearings and enter further orders that are proper, including without limitation, to determine the attorney's fees and costs and to set a sale date for the foreclosure sale, and to issue writs of possession and to enter deficiency judgments." (Movant's Exh. 2). On January 2, 2001, White Sands recorded the original Final Judgment of Foreclosure in the public records of DeSoto County, Florida.

Before White Sands obtained a hearing to determine the amount of costs and attorney fees or to set a sale date, the Debtor filed her Petition for Relief under Chapter 13. As a result of the filing, of course, all further proceedings came to a halt in the State Court. Therefore, in order to complete the foreclosure proceeding White Sands filed its Motion for Relief from Stay, the Motion presently under consideration.

As noted earlier, the parties agree to the foregoing facts. But it is the position of the Debtor that, while it admits that the recording of the lien claim by a contractor relates back to the date of the filing of the Notice of Commencement, and the Final Judgment of Foreclosure was entered, the lien has been discharged pursuant to § 713.21(5), Florida Statutes. This Statute provides that by recording in the Clerk's office the original or a certified copy of a judgment showing a final determination of the action will discharge a properly perfected lien. In this connec-

tion, the Debtor argues that upon entry of a Judgment of Foreclosure, the lien "merged" into the Judgment, citing *Nassau Realty Co., Inc. v. City of Jacksonville, et al.,* 144 Fla. 754, 198 So. 581 (1940); *All State Plumbing, Inc., et al. v. Mutual Security Life Insurance Company,* 537 So.2d 598 (Fla. 3rd DCA 1988); *J. Batt, Inc. v. Wellington Construction and Realty, Inc., et al.,* 379 So.2d 461 (Fla. 4th DCA 1980). The Debtor further argues that this was a "Final Judgment" notwithstanding the fact that the Circuit Court reserved jurisdiction to determine attorney's fees and costs and to set the sale date, because these are not elements of the original claim for relief. According to the Debtor, therefore, it can no longer be a secured claim, thus, not entitled to the relief sought because White Sands failed to record a certified copy of the Final Judgment. Citing *Certain British Underwriters at Lloyds v. Jet Charter Service, Inc.,* 739 F.2d 534 (11th Cir.1984); *Grasland v. Taylor Woodrow Homes Limited,* 460 So.2d 940 (Fla. 2nd DCA 1984); *The Travelers Indemnity Company v. Hutchins,* 489 So.2d 208 (Fla. 2nd DCA 1986).

■ It should be noted at the outset, that under the laws of this State in order for the Judgment to be recognized as a lien on real property, a certified copy must be recorded in the public records of the County where the property is located. Citing *In re Belize Airways Limited,* 19 B.R. 840 (Bankr.S.D.Fla.1982); *In re Jam Fine Furniture, Inc.,* 19 B.R. 578 (Bankr.S.D.Fla.1982).

The question is, however, whether the discharge provisions of § 713.21(5) apply to a Final Judgment entered in a foreclosure proceeding? Considering this question, the Supreme Court of this State in the case of *Nassau Realty, supra,* held that the statutory provision that no judg-

ment shall be a lien on real estate until a certified copy is recorded was:

Not intended to apply to judgments or decrees enforcing liens theretofore existing as against specific property such as decrees in foreclosure of statutory or contract liens. It was the purpose of this legislative Act to provide for the record of decrees or judgments to become a lien not on specific property already subject to the lien of the judgment but upon that real estate of the judgment debtor upon which the lien of the judgment or decree had not existed or attached prior to the entry of the judgment or decree. The purpose of the statute was not to abrogate or destroy a lien which had become merged in a judgment or decree but was for the purpose of establishing and attaching a lien under judgments and decrees in cases where no specific statutory or contract lien was the basis of the judgment or decree.

The Court noted in *Nassau* that judgments and decrees rendered in suits foreclosing a pre-existing lien, the lien is established by judgment or decree and the lien foreclosed is by the judgment of the Court merged into the judgment or decree, thus it became a lien on the subject property without necessity of recording the certified copy of same.

This Court is satisfied that the law as stated by the Supreme Court of this State in *Nassau Realty, supra*, is the controlling law. Therefore, it is unnecessary for White Sands to have a certified copy of the Final Judgment entered by the Circuit Court in the foreclosure action recorded to establish the validity of its secured status.

Based on the foregoing, it is clear that under Section 362(d)(1) of the Code, White Sands is entitled to be relieved from the automatic stay unless the Debtor furnishes adequate protection within 20 days from the entry of this Order. In the event none is furnished, the stay is removed and White Sands is permitted to proceed to complete its foreclosure action without any further notice or hearing.

Accordingly it is

ORDERED, ADJUDGED AND DECREED that the Motion to Modify Stay and for Other Relief filed by White Sands Construction, Inc., Regarding Real Property be, and the same is hereby granted unless the Debtor furnishes adequate protection within 20 days from the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that in the event that no adequate protection is furnished, the automatic stay shall be removed and White Sands Construction, Inc., is permitted to proceed to complete its foreclosure action without any further notice or hearing.