PER CURIAM.
This is an appeal from an order granting the appellee’s motion to disburse a portion of the funds acquired by the appellants in a condemnation proceeding. We affirm.
The appellants contend that the order disbursing funds was improper because the appellee did not follow the statutory mandates of section 55.10(1), Florida Statutes,[1] in recording its lien on the subject property. We disagree.
An existing, duly recorded mortgage, which ultimately results in a final *202 judgment of foreclosure, is not the “judgment lien” anticipated by the statute.[2] Instead, said mortgage is a pre-existing lien that is not extinguished by the foreclosure judgment. Thus, section 55.10 is inapplicable here. See Nassau Realty Co. v. City of Jacksonville, 144 Fla. 754, 757, 198 So. 581, 582 (Fla.1940)(“The purpose of this statute was not to abrogate or destroy a lien which had become merged in a judgment or decree but was for the purpose of establishing and attaching a lien under judgments and decrees where no specific statutory or contract lien was the basis of the judgment or decree.”).[3]
Accordingly, we affirm.

. That section provides, in pertinent part, that:
(1) A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not be *202 come a lien on real property unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree. If the certified copy was first recorded in a county in accordance with this subsection between July 1, 1987, and June 30, 1994, then the judgment, order, or decree shall be a lien in that county for an initial period of 7 years from the date of the recording. If the certified copy is first recorded in accordance with this subsection on or after July 1, 1994, then the judgment, order, or decree shall be a lien in that county for an initial period of 10 years from the date of the recording.
§ 55.10(1), Fla. Stat. (1993).

. "It is elementary that a mortgage is a lien upon specific property, real or personal. A judgment lien, ... is a general lien which attaches to any property currently owned or subsequently acquired by the judgment debt- or.” Pinellas County v. Clearwater Fed. Sav. & Loan Ass’n, 214 So.2d 525, 527 (Fla.App.1968).

. The statute at issue in Nassau Realty was Chapter 19270, a predecessor to section 55.10. The rationale of the Nassau Realty court remains good law.