914 So.2d 1044 (2005)
Aristides PELECANOS and Vassiliki Barbatsi, Appellants,
v.
CITY OF HALLANDALE BEACH, Appellee.
No. 4D04-4108.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
*1045 Iliana Forte of the Law Offices of Iliana Forte, P.A., Coral Gables, for appellants.
David Jove and Jennifer M. Frastai, Hallandale Beach, for appellee.
CROW, DAVID F., Associate Judge.
Appellants, Aristides Pelecanos and Vassiliki Barbatsi, timely appeal a final judgment imposing an equitable lien on their homestead property. The trial court imposed the equitable lien based upon its finding that the appellants had engaged in a pattern of egregious conduct by continuously failing to follow orders of the trial court. For the reasons set forth below, we reverse.
Between August 2000 and November 2000, the appellee, City of Hallandale Beach ("City"), instituted code enforcement actions against the appellants and recorded code enforcement liens against the subject property. On February 27, 2002, the City filed suit seeking an injunction requiring the appellants to bring their property into compliance and for a monetary judgment for the liens. In resolution of that litigation, on April 15, 2002, the trial court approved a joint stipulation requiring the appellants to repair and abate numerous code violations by July 1, 2002. On August 21, 2002, the trial court extended the time for compliance until September 15, 2002. On October 10, 2002, the trial court held the homeowners in contempt for failure to comply with its order. On March 5, 2003, the trial court extended the time until April 4th, but again the *1046 homeowners failed to comply with the joint stipulation.
Thereafter, on September 3, 2003, the trial court granted the appellants thirty days to obtain a demolition permit and a Florida Building Code compliant pool cover. Again, the appellants failed to comply with this order and, therefore, on January 27, 2004, the trial court fined the appellants $2,500.00 and entered an order allowing the City to demolish the structure and place a lien on it for the demolition costs.
On April 7, 2004, appellants filed a declaratory judgment action alleging that they had entered into a contract for sale of the property, which action sought a declaration that the subject property was their homestead thus allowing the purchaser to take the property free of the City's liens. The declaratory judgment action was transferred to the trial judge that handled the code enforcement action. While the City conceded that the property was homestead, it nevertheless answered the complaint and counterclaimed for imposition of a constructive trust or equitable lien in the full amount of all certified claims of lien. After a non-evidentiary hearing on October 7, 2004, the trial court entered a final judgment granting the motion for equitable lien based upon the homeowners' pattern of "egregious conduct" in continuously failing to follow the orders of the court.
Florida's homestead exemption provides in pertinent part:
There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead....
Art. X, § 4(a)(1), Fla. Const. The courts of this state have long emphasized that the homestead exemption is to be liberally construed in the interest of protecting the family home. See, e.g., Milton v. Milton, 63 Fla. 533, 58 So. 718, 719 (1912), disapproved on other grounds, Pasco v. Harley, 73 Fla. 819, 75 So. 30 (1917). Conversely, exceptions to that protection should be read narrowly and must be strictly construed. See, e.g., Quigley v. Kennedy & Ely Ins., Inc., 207 So.2d 431, 432 (Fla. 1968).
By its plain terms, article X, section 4 expressly provides for only three exceptions to the homestead exemption: (1) for the payment of taxes and assessments thereon; (2) for obligations contracted for the purchase, improvement or repair thereof; or (3) for obligations contracted for house, field or other labor performed on the realty. Simply put, a municipal lien for code violations is not one of the specified exceptions. Therefore, a municipality's liens for code violations do not affect a subsequent purchaser and do not affect the proceeds of any sale of homestead property, as long as those proceeds are reinvested in a new homestead within a reasonable time. See Fong v. Town of Bay Harbor Islands, 864 So.2d 76, 78 (Fla. 3d DCA 2003); Demura v. County of Volusia, 618 So.2d 754, 756 (Fla. 5th DCA 1993).
While the City recognizes that a municipal code lien is not an exception to Florida's homestead exemption, it contends that an "equitable lien" can be imposed for those same amounts based upon the Appellant's "egregious" conduct in failing to abide by court orders. In essence, while municipal code liens are not permitted on homestead property pursuant to the Florida Constitution, the City contends *1047 that an "equitable lien" for those same code violation fines can be imposed as a sanction for violation of court orders requiring abatement of the code violations which gave rise to the fines. We disagree.
The most recent pronouncement by the Florida Supreme Court regarding liens on homestead property was in Havoco of America, Ltd. v. Hill, 790 So.2d 1018 (Fla. 2001). In Havoco, the supreme court concluded that homestead property acquired by a debtor with the specific intent to hinder, delay, or defraud creditors was not excepted from the constitutional protections of article X, section 4. Id. at 1030. In its decision the supreme court discussed in detail the history and purpose of, as well as the judicially created exceptions to, the constitutionally protected homestead exemption in Florida. In discussing "equitable liens" the Court stated:
We have invoked equitable principles to read beyond the literal language of the [homestead exemption] exceptions only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead.

Id. at 1028 (emphasis supplied). We agree with the third district's recent interpretation of Havoco wherein it stated "an equitable lien is not permitted against homestead property unless the funds used to invest in, purchase or improve the homestead were obtained through fraud or egregious conduct...." Conseco Servs. LLC v. Cuneo, 904 So.2d 438, 440 (Fla. 3d DCA 2005). Therefore, an equitable lien is inappropriate on the facts of the current case, as the alleged egregious conduct of ignoring court orders to fix the property did not directly or indirectly fund the purchase or improvement of the property.
The lower court's reliance upon Radin v. Radin, 593 So.2d 1231 (Fla. 3d DCA 1992), is misplaced. The Havoco court noted this decision but specifically refused to pass upon its validity. 790 So.2d at 1028, n. 12. Importantly, the instant case does not "implicate the equities of domestic relations" and, therefore, is clearly inapposite to the Radin decision. Bank Leumi Trust Co. of New York v. Lang, 898 F.Supp. 883, 889 (S.D.Fla.1995).
While we certainly empathize with the trial court's frustration with the appellants' noncompliance, it is not our province to judicially create another exception to the plain and unambiguous language of article X, section 4. As stated by the Florida Supreme Court in Butterworth v. Caggiano, 605 So.2d 56, 60 (Fla.1992) (emphasis in original):
The homestead provision of our Constitution sets forth the exceptions and provides the method of waiving the homestead rights attached to the residence. These exceptions are unqualified. They create no personal qualifications touching the moral character of the resident nor do they undertake to exclude the vicious, the criminal, or the immoral from the benefits so provided. The law provides for punishment of persons convicted of illegal acts, but this forfeiture of homestead rights guaranteed by our Constitution is not part of the punishment.
Reversed and remanded.
STEVENSON, C.J., and POLEN, J., concur.