961 So.2d 363 (2007)
Winer MATHIEU, Appellant,
v.
CITY OF LAUDERDALE LAKES, Florida, Amelia Mathieu, and Jacques Lherisson, Appellees.
No. 4D06-4236.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Martin E. Leach of Feiler & Leach, P.L., Coral Gables, for appellant.
Sonja K. Dickens of Arnstein & Lehr, LLP, Fort Lauderdale, for appellee City of Lauderdale Lakes.
POLEN, J.
Appellant Winer Mathieu timely appeals a final judgment granting appellee City of Lauderdale Lakes' motion to set foreclosure sale. We reverse the foreclosure and remand for further proceedings to determine whether Lauderdale Lakes is entitled to a monetary judgment.
On January 29, 2003, Mathieu's bank, Cenlar FSB, filed a complaint to foreclose mortgage against Mathieu related to real property located in Lauderdale Lakes, Florida. Since Lauderdale Lakes had code enforcement liens on the property, it was also listed as a defendant. Lauderdale Lakes filed an answer to the bank's complaint and a cross-claim against Mathieu, asserting that it was entitled to payment of its code enforcement liens through foreclosure of said liens and sale of the property. Mathieu answered the cross-claim, but did not assert homestead as an affirmative defense.
Cenlar FSB eventually dismissed its complaint for foreclosure against Mathieu and cancelled the notice of lis pendens on the property. However, on December 1, 2003, a final money judgment was entered in favor of Lauderdale Lakes on its cross-claim against Mathieu (no foreclosure date was set). Almost two years later, in a separate, unrelated case, Mathieu filed a petition for declaratory judgment against *364 Lauderdale Lakes seeking to have the court determine his property homestead and exempt from levy and execution under Article X, Section 4 of the Florida Constitution. Art. X, § 4, Fla. Const. The court entered an order determining that the property had maintained homestead status from 1990 through November 22, 2005, the date of the order. However, it did not invalidate Lauderdale Lakes' prior judgment against Mathieu for monetary damages.
Seven months later, Lauderdale Lakes filed a motion to set foreclosure sale date against Mathieu's property. Mathieu filed a response to the motion, asserting that Lauderdale Lakes was precluded from foreclosing on his property because it was his homestead. At the same time, Mathieu filed a homestead affidavit with the circuit court, acknowledging that he continued to maintain homestead status post the order determining his property homestead. The court nevertheless entered an order scheduling foreclosure sale.
In the amended final order, the court recognized that Mathieu's property had previously been deemed homestead since 1990. Yet it ultimately found that pursuant to Schaller v. Balk, A.I.A., P.A., 708 So.2d 299 (Fla. 2d DCA 1998), since Mathieu did not raise homestead as a defense prior to the December 1, 2003 final judgment, he was "precluded from raising said defense in an effort to prevent the sale of the property." Mathieu filed this appeal before the date of the foreclosure sale.
On appeal, Mathieu argues that the trial court erred in granting Lauderdale Lakes' motion to set foreclosure sale date because the property was homestead prior to imposition of Lauderdale Lakes' code enforcement liens and because the court was advised of this prior to the setting of foreclosure sale. The issue in this case relates to the lower court's application of the law of homestead, and is therefore reviewed de novo. See D'Angelo v. Fitzmaurice, 863 So.2d 311, 314 (Fla.2003) (reviewing pure questions of law de novo).
Article X, Section 4 of the Florida Constitution provides only three exceptions to the homestead exemption: (1) for the payment of taxes and assessments thereon; (2) obligations contracted for the purchase, improvement or repair thereof; and (3) obligations contracted for house, field or other labor performed on the realty. Art. X, § 4, Fla. Const. In the case at bar, Lauderdale Lakes charged Mathieu with code enforcement violations and eventually obtained an order relating to the liens. The cause of action was filed pursuant to Chapter 162, which provides local code enforcement boards the authority to "impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities." § 162.02, Fla. Stat. (2003). Section 162.09(3), Florida Statutes (2003), provides the mechanism and limitations of the liens created under the Chapter:
A certified copy of an order imposing a fine, or a fine plus repair costs, may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. Upon petition to the circuit court, such order shall be enforceable in the same manner as a court judgment by the sheriffs of this state, including execution and levy against the personal property of the violator, but such order shall not be deemed to be a court judgment except for enforcement purposes. . . . No lien created pursuant to the provisions of this part may be foreclosed on real property which is a homestead under *365 s. 4, Art. X of the State Constitution. . . . 
(Emphasis added).
Thus, the code enforcement liens in this case did not, in and of themselves, "constitute a cloud" upon Mathieu's homestead property. See Miskin v. City of Fort Lauderdale, 661 So.2d 415, 415 (Fla. 4th DCA 1995) (finding that lien created by code enforcement board order was not a "judgment, decree or execution" under Art. X, § 4, Fla. Const., and thus did not "constitute a cloud upon Miskin's homestead property"); see also Pelecanos v. City of Hallandale Beach, 914 So.2d 1044, 1045 (Fla. 4th DCA 2005) (recognizing that a municipal code enforcement lien is not one of the specified exceptions).
Since code enforcement liens do not defeat homestead protection and the property has not yet been sold through foreclosure, Mathieu contends that any filing of homestead status was effective and protects the property from sale. See Schaller, 708 So.2d at 301 (Fla. 2d DCA 1998) ("As a general rule, a person can file a declaration of homestead at any time before the sale date, which until resolved, will protect the property from sale."). Lauderdale Lakes maintains that Mathieu's entire premise is incorrect. According to Lauderdale Lakes, Mathieu "is under the impression that the lower court ordered the forced sale of [his] property to satisfy a code enforcement lien. This is erroneous because when the foreclosure sale was set, [Lauderdale Lakes] was proceeding on a final judgment of foreclosure that was entered by the lower court on December 1, 2003." Where a lienholder forecloses its lien and obtains a foreclosure judgment against the property owner, the lien merges into that judgment and the lienholder becomes a judgment creditor. All State Plumbing v. Mut. Sec. Life Ins. Co., 537 So.2d 598, 599 (Fla. 3d DCA 1988) (citing Nassau Realty Co. v. City of Jacksonville, 144 Fla. 754, 198 So. 581 (1940)). Therefore, as argued by Lauderdale Lakes, all issues and defenses related to the original code enforcement liens were merged into the December 1, 2003 final judgment in favor of Lauderdale Lakes on its code enforcement claims, thus precluding, under the doctrine of res judicata, Mathieu from asserting a homestead defense in subsequent proceedings.
In Schaller v. Bruce N. Balk, A.I.A., P.A., 708 So.2d 299 (Fla. 2d DCA 1998), on which the trial court in this case relied, Bruce N. Balk, P.A. sued and obtained a judgment on a monetary obligation owed to it by Fred Schaller. Id. at 300. Balk then brought another action against Schaller to force a sale of a property on which Schaller had a mortgage. Id. The trial court found that Balk had a lien to secure payment of the monetary obligation and ordered the property be sold free and clear of any claims of Schaller. Id. Schaller then filed a verified notice of homestead property pursuant to section 222.01, Florida Statutes (1995), and filed his own lawsuit seeking declaration of the property as homestead property and to enjoin its sale. Id. at 301. The trial court denied Schaller's notice of homestead and found that the previous final judgment was res judicata on the issue of homestead. Id. On appeal, the Second District noted that, "as a general rule, a person can file a declaration of homestead at any time before the sale date, which until resolved, will protect the property from sale." Id. (citation omitted). However, it was clear that the issue was litigated and determined in the original litigation and, by reason of the final judgment, Balk's lien attached to the property before Schaller's notice of homestead. Id. "Under such circumstances, an after acquired status of homestead does not affect the prior lien. Accordingly, *366 we affirm [the orders] finding the issue of homestead was res judicata." Id.
Here, the trial court applied Schaller because Mathieu did not raise homestead as a defense prior to entry of the December 1, 2003 final judgment against him and for Lauderdale Lakes. As such, the trial court determined that Mathieu was precluded from raising the defense in an effort to prevent the foreclosure sale of the property. However, in Schaller, All State Plumbing and Nassau Realty Co., supra, the alleged homestead properties were encumbered by liens excepted under Article X, Section 4 of the Florida Constitution. See Schaller, 708 So.2d at 300 (although not made clear by the Second District, the monetary obligation was due Bruce N. Balk, P.A., an architectural firm presumably contracted by Schaller to improve the latter's property); see also All State Plumbing, 537 So.2d at 599 (concerning mechanic's lienholder); Nassau Realty Co., 198 So. at 582 (involving tax liens against property). Therefore, the initial foreclosure proceedings in those cases entailed analysis of the property holders' possible homestead protections.
In this case, Lauderdale Lakes sought a monetary judgment due it from code enforcement liens  claims that do not defeat homestead protection. Pelecanos, 914 So.2d at 1045. Whether the issue of homestead status was litigated and determined as part of the December 1, 2003 final judgment is thus unclear. Cf. Schaller, 708 So.2d at 301 ("[I]t is clear from the record that the issue of the homestead status . . . was litigated and determined [in the original] circuit civil case. . . ."). As a result, that issue is not res judicata to Lauderdale Lakes' motion to set foreclosure sale date. See Schaller, 708 So.2d at 301.
Based on the foregoing, we find that the trial court erred in its application of Schaller and we reverse and remand for further proceedings to determine whether Lauderdale Lakes is entitled to a monetary judgment, foreclosure having been made unavailable by Mathieu's filing of homestead status.
Reversed and Remanded with Instructions.
STEVENSON and TAYLOR, JJ., concur.