DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WENDELL LOCKE,**
Appellant,

v.

**LEVI WHITEHEAD** and **NICHOLA WHITEHEAD,**
Appellees.

No. 4D20-2097

[June 23, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE19022311.

Wendell Locke of Locke Law, P.A., Plantation, for appellant.

Patrick W. Lawlor of Lawlor & Associates, Boca Raton, for appellees.

### _On Motion for Rehearing_

MAY, J.

We grant the appellees' motion for rehearing, withdraw our previously issued opinion, and substitute this opinion in its place.

A contractor appeals an order vacating a default judgment against two homeowners. He argues the trial court erred in vacating the judgment because the homeowners failed to establish excusable neglect, a meritorious defense, and due diligence. We agree and reverse.

The homeowners entered into an agreement with a contractor[1] to rehabilitate their property. A dispute arose among them, and the homeowners asked the contractor to leave the jobsite.

---

[1] Shutter Hangers, Inc. is the party to the agreement. The appellant, Wendell Locke, is the sole shareholder of Shutter Hangers, Inc. For ease of reference, Wendell Locke will be referred to as the contractor.

Pursuant to the agreement, any claims or disputes would be resolved through arbitration. The contractor invoked the arbitration provision and an arbitration took place. The homeowners were awarded $36,600 in damages.

When the homeowners were unable to reach the contractor to collect on their award, they filed a construction lien against the contractor's homestead property. They mistakenly believed they were entitled to file the lien because he was the sole owner of the construction company.

The contractor filed a complaint against the homeowners asking them to show cause why they filed the lien and asserting the lien should not be enforced or it should be vacated. Count II claimed the lien was fraudulent and violated section 713.31(2)(a), Florida Statutes.

When the homeowners failed to answer the complaint within the requisite time, the contractor moved for a default, which was entered the same day. The contractor then moved for a default final judgment, seeking $41,146.00 in total damages. The trial court granted the contractor's motion to vacate and cancel the lien, entered a final judgment against the homeowners, and awarded damages to the contractor.

A few days after the judgment was entered, the homeowners filed a *pro se* answer to the complaint. Over five months later, the homeowners moved to vacate the judgment with supporting affidavits. They did not challenge the order vacating and cancelling the lien but sought only to vacate the final judgment and to defend against count two concerning the $41,146.00 damages award. They asserted excusable neglect and alleged a meritorious defense and the exercise of due diligence.

The following illustrates the sequence of events:

   (1) January 29, 2020: the contractor serves the homeowners;

   (2) February 19, 2020: default is entered;

   (3) February 21, 2020: final judgment is entered;

   (4) March 3, 2020: homeowners file their answer; and

   (5) July 24, 2020: homeowners file their motion to vacate.

On September 23, 2020, the court granted the motion to vacate. The contractor now appeals.

2

"Florida courts have a liberal policy of vacating defaults so that cases can be decided on the merits." *Gibson Tr., Inc. v. Off. of the Att'y Gen.*, 883 So. 2d 379, 382 (Fla. 4th DCA 2004). Thus, a trial court's order granting a motion to vacate is reviewed for a *gross* abuse of discretion. *Lloyd's Underwriter's at London v. Ruby, Inc.*, 801 So. 2d 139, 139 (Fla. 4th DCA 2001).

A default judgment may be set aside if a moving party establishes: (1) excusable neglect in failing to timely file a response; (2) a meritorious defense; and (3) due diligence in seeking relief after discovery of the default. *Benefit Admin. Sys., LLC v. W. Kendall Baptist Hosp., Inc.*, 274 So. 3d 480, 483 (Fla. 3d DCA 2019). "Failure to satisfy any one of these elements will result in denial of the motion to vacate." *Id.*

### 1. *Excusable Neglect*

The homeowners' affidavits in support of the motion to vacate attested their belief that because they had agreed to arbitration in the contract and the contractor requested arbitration, the contractor could not file suit against them. They further believed they had a right to file a lien against the contractor because of their arbitration award. They did not consult with an attorney and independently researched how to file a lien on their own.

The homeowners acknowledge they made a mistake by filing the lien against the contractor. They contend their failure to respond to the complaint was a reasonable misunderstanding of the arbitration decision in their favor.

The contractor responds the homeowners failed to allege their failure to timely answer was due to an administrative mishandling, secretarial error, and/or oversight. He maintains the homeowners' alleged ignorance of the law—their mistaken belief that no lawsuit could be filed against them due to the arbitration award—does not constitute excusable neglect. *See Duckworth v. Duckworth*, 414 So. 2d 562, 564 (Fla. 3d DCA 1982) ("[A]n attorney's mistaken view of the law does not amount to the excusable neglect requisite to vacating a default under Rule 1.540(b) . . . ."); *Peterson v. Lake Surprise II Condo. Assoc.*, 118 So. 3d 313, 313 (Fla. 3d DCA 2013) ("[The] conscious decision not to comply with the requirements of the law cannot be 'excusable neglect' under the rule or any other equivalent requirement."). He emphasizes that *pro se* litigants should not be held to a lesser standard than those represented by counsel.

We have explained that "[w]here inaction results from clerical or secretarial error, *reasonable misunderstanding*, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." *Lloyd's Underwriter's at London*, 801 So. 2d at 139 (alteration in original) (emphasis added) (quoting *Gateway Am. Bank of Fla. v. Lucky Jet Corp.*, 720 So. 2d 1141, 1142 (Fla. 4th DCA 1998)). But, the misunderstanding here—a misunderstanding of the law—is insufficient to meet the requirements of excusable neglect.

Here, the homeowners' reason for not timely responding to the complaint was, by their own admission, plainly due to ignorance of the law and failure to understand the consequences. Thus, the trial court grossly abused its discretion in determining the homeowners established the requisite excusable neglect.

### 2. *Meritorious Defense*

The contractor next argues the homeowners are unable to demonstrate a meritorious defense because the contractor's homestead property could not be subject to a judgment lien. "Article X, [s]ection 4 of the Florida Constitution provides only three exceptions to the homestead exemption: (1) the payment of taxes and assessments thereon; (2) obligations contracted for the purchase, improvement or repair thereof; and (3) obligations contracted for house, field or other labor performed on the realty." *Mathieu v. City of Lauderdale Lakes*, 961 So. 2d 363, 364 (Fla. 4th DCA 2007) (citing Art. X, § 4, Fla. Const.).

As conceded by the homeowners, none of these exceptions are present. They even acknowledge that their filing of the lien was erroneous. But, they suggest they can provide the meritorious defense that pursuant to section 713.31(2)(b), Florida Statutes (2020), "a minor mistake or error in a claim of lien . . . does not constitute a willful exaggeration that operates to defeat an otherwise valid lien." *Id.*

As the contractor points out, section 713.31(2)(b) pertains to situations when there is *an otherwise valid lien.* The section provides:

> It is a complete defense to any action to enforce a lien under this part, or against any lien in any action in which the validity of the lien is an issue, that the lien is a fraudulent lien; and the court so finding is empowered to and shall declare the lien unenforceable, and the lienor thereupon forfeits his or her

4

right to any lien on the property upon which he or she sought to impress such fraudulent lien. *However, a minor mistake or error in a claim of lien, or a good faith dispute as to the amount due does not constitute a willful exaggeration* **that operates to defeat an otherwise valid lien**."

*Id.* (emphasis added).

Here, as the homeowners admit, the lien was invalid and erroneously filed. There simply is no meritorious defense.

### 3. *Due Diligence*

Lastly, the contractor contends the homeowners' delay of more than five months between learning of the default and final judgment and their filing of a motion to vacate does not constitute due diligence. The homeowners respond that they filed their answer on March 3, 2020, eleven days after the final judgment was entered. Once again, the contractor is correct.

Florida courts have determined that time frames even shorter than five months do not constitute due diligence. *See, e.g., Hepburn v. All Am. Gen. Constr. Corp.*, 954 So. 2d 1250, 1252 (Fla. 4th DCA 2007) (finding a *four-month delay* in moving to vacate a default judgment precluded the granting of a motion to vacate); *Chetu, Inc. v. Franklin First Fin., Ltd.*, 276 So. 3d 39, 41 (Fla. 4th DCA 2019) (finding that an unexplained *two-month delay* in seeking relief precluded a finding of due diligence).

Here, the homeowners delayed over five months before retaining counsel and moving to vacate. They attempt to show due diligence by relying on "an Emergency Order from Chief Judge Charles Canady of the Florida Supreme Court [that] was entered essentially shutting down all courthouses in Florida due to the Covid-19 pandemic." They "finally sought out legal counsel in July 2020," who filed the motion to vacate on July 24, 2020.

In short, the homeowners' failure to respond to the complaint had nothing to do with the pandemic. They simply did not exercise due diligence.

### 4. *Punitive Damages*

In their motion to set aside the default judgment, the homeowners argued that the contractor's claim for punitive damages was not supported by the facts, law, or procedure. They further argued that punitive damages

do not automatically flow from a finding that a construction lien was fraudulent. *See, e.g. Levin v. Palm Coast Builders and Constr., Inc.*, 840 So.2d at 317 (Fla. 4th DCA 2003). And any punitive damage claim must comply with section 768.72 and be supported by evidence. In their brief, the homeowners repeated these arguments. We agree.

We therefore reverse and remand for reinstatement of the final default judgment subject to an evidentiary hearing on entitlement and the amount of any punitive damage award.[2]

*Reversed and remanded.*

LEVINE, C.J., and WARNER, J., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The trial court also failed to make oral or written findings in support of its decision to vacate the final default judgment. This further supports reversal. *See Rivera v. Dep't of Revenue ex rel. Rivera,* 899 So. 2d 1265, 1267 (Fla. 2d DCA 2005) ("[W]e hold that the court committed a gross abuse of discretion when it entered an order without any facts to support its decision.").